Atlen COLE, Relator,

v.

HOLIDAY INNS, INC., Respondent,

Commissioner of Economic
Security, Respondent.

No. CX–83–1638.

Court of Appeals of Minnesota.

April 17, 1984.

Michael H. Hennen, Minneapolis, for relator.

George W. Loveland, II, Memphis, Tenn., for respondent Holiday Inns, Inc.

Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for respondent Commissioner of Economic Sec.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a review by certiorari of a decision of the representative of the Commissioner of Economic Security affirming an Appeal Tribunal referee's determination that (1) the appeal was untimely taken; and (2) the tribunal lacked jurisdiction. The

claims deputy previously found the relator ineligible for unemployment compensation. We affirm.

## FACTS

Relator Cole was employed by respondent Holiday Inns, Inc. until May 28, 1983. Relator filed a claim for unemployment compensation benefits. A claims deputy determined that she was terminated for misconduct and was ineligible for benefits. The determination was mailed to Holiday Inns and to relator at their correct addresses on June 22, 1983. On July 8, relator filed an appeal with the department from the determination of the claims deputy. A referee dismissed the appeal on the grounds that it was not timely made. Relator appealed to the respondent Commissioner and a representative of the Commissioner affirmed the decision of the referee on September 26, 1983. An Amended Writ of Certiorari was issued by this court October 27, 1983, on relator's Amended Petition for a Writ of Certiorari.

Relator does not dispute that her appeal to the Department Appeals Tribunal was untimely. She argues, however, that the notice of her appeal rights was insufficient under the requirements of Minn.Stat. § 268.10, subd. 2(3) and that the defective notice violated her rights to due process guaranteed by the Fourteenth Amendment of the United States Constitution.

## ISSUES

1. Whether the notice of determination that relator was not entitled to unemployment compensation benefits complied with the requirements of Minn.Stat. § 268.10, subd. 2(3) (1982) with respect to form.

2. Whether the Commissioner's ruling upholding the referee's dismissal of relator's appeal violated relator's Fourteenth Amendment right to procedural due process.

## ANALYSIS

Minn.Stat. § 268.10, subd. 2(3) provides, in pertinent part:

(3) A determination issued pursuant to clauses (1) and (2) shall be final unless an appeal therefrom is filed by a claimant or employer within 15 days after the mailing of the notice of the determination to his last known address or personal delivery of the notice. Every notice of determination shall contain a prominent statement indicating in clear language the method of appealing the determination, the time within which such an appeal must be made, and the consequences of not appealing the determination. * * *
*Id.*

 There is no provision for extension or exceptions to the 15 day appeal period. The statutory time for an appeal from a department determination is absolute. An untimely appeal must be dismissed by a department referee for lack of jurisdiction. Cf. *Semanko v. Department of Employment Services,* 309 Minn. 425, 430, 244 N.W.2d 663, 666 (1976); *Department of Employment Security v. Minnesota Drug Products,* 258 Minn. 133, 104 N.W.2d 640 (1960).

 The statute requires that the notice contain the following three items in clear and prominent language: (1) the method of appealing; (2) the time to appeal; and (3) the consequences of not appealing.

 The notice received by relator with the determination of her benefit rights contained information on both sides of the paper. On the front page, in large boldfaced type, under the caption "RIGHT OF APPEAL" and indicated by an arrow on the margin, is the following:

AN EXPLANATION OF YOUR RIGHT OF APPEAL AND FURTHER INFORMATION ON THE EFFECT OF THIS DETERMINATION IS CONTAINED ON THE REVERSE.

In boxes located at the top of the page and near the bottom, the form contained 4 dates: (1) date of claim; (2) date of separation or refusal; (3) date mailed to employer; and (4) dated delivered or mailed to claimant.

On the back, under the caption "EFFECT OF DETERMINATION," the notice provided the following:

Please review the determination carefully and, if you feel it is incorrect, you should immediately file an appeal * * *.

Also on the back page, under "RIGHT OF APPEAL," the notice provided:

This determination will become final unless an appeal is filed in writing within 15 days from the date of delivery or mailing shown on the front of this decision * * *.

The appeal procedure instructions are adequately clear and prominent. The large bold-faced language on the front of the notice directs the claimant to the back where, under bold-faced titles, clear instructions are stated. The form used by the Commissioner conforms with the statute.

Finally, relator argues that inadequate notice of her appeal rights deprived her of a constitutionally protected property right to unemployment compensation benefits. This contention is without merit. We find the notice to be adequate. Relator was not deprived of a property right because the claims deputy determined that she was not eligible for unemployment compensation benefits because she had been discharged for misconduct. Relator has not demonstrated any entitlement to unemployment compensation benefits.

### DECISION

The notice of determination of benefit rights, provided by the Commissioner of Economic Security, complies with Minn. Stat. § 268.10, subd. 2(3). Dismissal of relator's appeal did not violate her right to procedural due process under the Fourteenth Amendment. Accordingly, we affirm the decision of the Commissioner of Economic Security affirming the referee's dismissal of relator's appeal.

Affirmed.