Duane E. **BUZICK**, Petitioner
and Appellee,

v.

**NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Respondent
and Appellant.**

**Civ. No. 10624.**

Supreme Court of North Dakota.

July 11, 1984.

Brian W. Nelson, Fargo, for petitioner and appellee. Submitted on brief.

Robert E. Lane, Asst. Atty. Gen., North Dakota State Highway Dept., Bismarck, for respondent and appellant. Submitted on brief.

GIERKE, Justice.

The Commissioner appeals from a district court judgment directing that Duane E. Buzick be granted an administrative hearing on the revocation of his license to operate a motor vehicle and that Buzick receive temporary driving privileges until the hearing is held. We reverse.

Buzick was arrested for driving while under the influence of intoxicating liquor and issued a temporary operator's permit on September 16, 1983. On September 22, 1983, counsel for Buzick mailed a request for a hearing. The Commissioner denied the request on the ground that it was untimely and issued an order of revocation. Buzick appealed to the district court, which held that Buzick's request for a hearing was timely pursuant to Rule 6, N.D.R. Civ.P.

Under Section 39–20–05(1), N.D.C.C., before revoking a person's license the Commissioner must give the person an opportunity for a hearing if he mails a request for a hearing "within five days after the issuance of the temporary operator's permit." Buzick's request for a hearing was mailed on the sixth day after his temporary operator's permit was issued. The Commissioner, asserting that the five-day period should be computed in accordance with Section 1–02–15, N.D.C.C.,[1] concluded that Buzick's request for a hearing was untimely. Buzick asserts that the five-day period should be computed under Rule 6, N.D.R. Civ.P. Under Rule 6, N.D.R.Civ.P., Saturdays, Sundays, and legal holidays are excluded in the computation of time periods of less than seven days. Consequently, if Rule 6, N.D.R.Civ.P., is applicable, Buzick's request for a hearing was timely.

Rule 1, N.D.R.Civ.P., provides that "[t]hese rules govern the procedure in the *district courts.*" (Emphasis added.) Thus, the rules are facially applicable only in court proceedings and not in other kinds of proceedings unless otherwise provided by statute.

In *Amoco Oil Company v. Job Service North Dakota,* 311 N.W.2d 558 (N.D.1981), Amoco sought an intra-agency bureau review of a Job Service appeals tribunal decision. The bureau denied the request on the basis that it was untimely. This Court determined that the request was one day late. Against Amoco's contention that Rule 6, N.D.R.Civ.P., was applicable and made the request timely, we said, 311 N.W.2d at 562:

> "We are not aware of any rule or case law which provides that the rules of civil procedure apply to proceedings within an agency or intra-agency appeals as distinguished from appeals from the decision of an agency to the district court. We have held that the court-adopted rules apply to appeals from an administrative agency to the district court, and for that matter, appeals from the district court to

---

1.  "*1–02–15. Computation of time.*—The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded...."

The section has been superseded for criminal process. *See* explanatory note to Rule 45, N.D. R.Crim.P., and Rule 59, N.D.R.Crim.P.

the Supreme Court; but no case has been called to our attention and our research does not reflect a decision of this Court which has held that the Court-adopted rules of procedure apply to intra-agency appeals and procedures."

Buzick's request for a hearing was untimely under Section 1–02–15, N.D. C.C., and Rule 6, N.D.R.Civ.P., is inapplicable to a request for an administrative hearing.

For the reasons stated, the judgment is reversed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.