**BALDINGER BAKING COMPANY,**
Relator,

v.

**Dean STEPAN, Respondent,**

**Commissioner of Economic Security, Respondent.**

No. C9–84–507.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Bruce J. Douglas, Minneapolis, for relator.

Dean Stepan, pro se.

Hubert H. Humphrey, III, Atty. Gen., Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Relator Baldinger Baking Company appeals from the decision of the Commissioner of Economic Security that the Department was without jurisdiction to hear relator's appeal of the determination by the claims deputy. We affirm.

## FACTS

On or about August 7, 1983, respondent Dean Stepan was discharged from his employment with relator Baldinger Baking Company and applied for unemployment compensation benefits. A claims deputy from the Department of Economic Security determined that he was involuntarily separated from his employment for reasons other than misconduct and was not disqualified from receiving benefits.

The decision of the deputy, entitled "Determination on Benefit Rights," was mailed to relator-employer on September 15, 1983. The decision contained a statement that the order would become final unless an appeal was filed in writing within 15 days after the date of mailing the order. Minn.Stat. § 268.10, subd. 2(3). Because the order was allegedly mishandled by a bookkeeper, the management of Baldinger was not aware of the claim and no appeal was filed.

On December 5, 1983, long after the appeal period expired, relator filed an "employer protest" to Stepan's claim for unemployment compensation benefits alleging that Stepan was discharged for misconduct. The Department handled the letter as an appeal and a referee dismissed the appeal for lack of jurisdiction. On relator's appeal of that order to the Commissioner, the Commissioner's representative affirmed.

## ISSUE

Whether, pursuant to Minn.Stat. § 268.10, subd. 2(3) (Supp.1983), relator's appeal from the decision of the claims deputy was properly dismissed as untimely.

## ANALYSIS

Minn.Stat. § 268.10, subd. 2, outlines the procedure for determining the validity of claims to the Department by a claims deputy. An appeal from the decision of the claims deputy must be filed within 15 days after the mailing of notice of the determination. Minn.Stat. § 268.10, subd. 2(3). An appeal heard under this section would be a trial de novo. Minn.Stat. § 268.10, subd. 3. The Department treated relator's dispute on the determination as an appeal and dismissed it as untimely.

The Minnesota Supreme Court has strictly construed appeals under the Employment Services Act. *Semanko v. Dept. of Employment Services*, 309 Minn. 425, 244 N.W.2d 663 (1976); *Jackson v. Minn. Dept. of Manpower Services*, 296 Minn. 500, 207 N.W.2d 62 (1973).

It is undisputed that, in this case, no timely appeal was taken from the order of the claims deputy. The time limit for an appeal will not be extended. *Cole v. Holiday Inns, Inc.*, 347 N.W.2d 72 (Minn.Ct. App.1984).

Relator-employer's argument that it was denied due process of law because it did not have the opportunity to present its evidence of respondent's misconduct is

without force. Had it filed a timely appeal of the decision of the claims deputy, it would have had the opportunity to present its case. The fact that the notice of termination was misplaced by an employee and was not brought to the attention of management is irrelevant. Notice given to an agent is notice given to a principal. *Rognrud v. Zubert*, 282 Minn. 430, 165 N.W.2d 244 (1969). Further, the time limit set forth for appeals from decisions rendered by Department claims deputies under § 268.10, subd. 2(3), is absolute. Lack of a timely appeal requires dismissal of the appeal for lack of jurisdiction regardless of alleged mitigating circumstances. *Cole v. Holiday Inns, Inc., supra.*

■ The heart of relator's appeal is the argument that § 268.10, subd. 1(3)(b), added by Minn. Laws 1982 ch. 1, 329, constitutes a separate review mechanism for Department determinations on disqualifications. Subdivision 1(3) provides that, if an employer fails to file separation information within 7 days of mailing the notice of claim, the Commissioner shall:

(a) Determine the validity of an individual's claim based on the claimant's statements or any other available information. An employer shall be liable for a late filing fee of not less than $5 nor more than $25, as the commissioner may determine, to be paid to the department of economic security and credited to the contingent fund if he has failed without good cause to submit the wage and separation information as required in clause 2 of this subdivision within seven days after the request has been duly mailed to his last known address. In the absence of fraud, if a redetermination of validity of claim based on an employer's late report subsequently cancels or reduces the amount of benefits to which a claimant was entitled under the initial determination, the claimant shall not be required to make repayment to the fund of any benefits paid to him prior to such redetermination; and

(b) Determine any issue of disqualification raised by clause (1) or by an employer's late report. If an employer fails to file a separation notice within the time limits prescribed in clause (1), any relief from benefit charges provided by § 268.-09, subdivision 1, clause (4), shall apply to weeks of unemployment beginning after the filing of the late report.

Relator argues that the section empowers the Commissioner to further review a case after a determination of a claim, and that relator can present his case in such a review and appeal from an adverse decision. In our opinion, the section must be read in harmony with provisions of subdivision 2 that limit the employer's time to file an appeal. Subdivision 1(3)(b) applies only where there has been no prior ruling on the issue of the disqualification of a particular claimant. The clause does not enable an employer who has failed to file a timely appeal from a Department determination to seek a redetermination of benefits and start the appeal period once again.

**DECISION**

■ Minn.Stat. § 268.10, subd. 2(3) specifies that a determination by a claims deputy is final unless a timely appeal is taken. The determination made in this case was final. No timely appeal was taken and the appeal tribunal was without jurisdiction to hear an appeal. The decision of the Commissioner is therefore affirmed.

Affirmed.