Byron PERRINE, Plaintiff
and Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF
LABOR, and Harding County (S.D.)
School District, Defendants and Appel-
lees.

No. 16072.

Supreme Court of South Dakota.

Considered on Briefs Aug. 29, 1988.

Decided Nov. 2, 1988.

Bill Froke, East River Legal Services, Sioux Falls, for plaintiff and appellant.

Drew C. Johnson, Aberdeen, for appellee, S.D. Dept. of Labor.

Thomas E. Carr, Belle Fourche, for appellee, Harding County School Dist.

WUEST, Chief Justice.

Byron Perrine (Perrine) appeals a circuit court order dismissing his appeal from a determination by the South Dakota Department of Labor (Department) that Perrine was ineligible for unemployment compensation benefits. We affirm.

Perrine was employed as the superintendent of the Harding County School District (District) for the 1986–87 school term. On December 12, 1986, Perrine's contract with the District was terminated and he subsequently filed for unemployment compensation benefits pursuant to SDCL ch. 61–7.

After an investigation of Perrine's claim for benefits, the Department initially determined that Perrine voluntarily left work with good cause and that he was eligible for unemployment compensation benefits. This determination notice was mailed to all parties on January 15, 1987. Because this notice was sent to Perrine's previous employer and not to the District, the Department issued a corrected determination notice dated January 26, 1987. This corrected notice again held Perrine eligible for benefits.

The District appealed the corrected determination notice on February 4, 1987. Thereafter, the Department notified Perrine of the appeal and requested his response to certain documents accompanying the District's notice of appeal. Perrine complied with the Department's request by submitting additional documents and material on March 2, 1987.

After reviewing the additional documentation supplied by both parties, the Department issued a redetermination notice dated March 2, 1987. This redetermination notice held Perrine ineligible to receive unemployment compensation benefits for reasons of misconduct, incompetency and neglect of duty. The notice, like the previously issued determination notices, contained the following statement in the upper right hand corner:

APPEAL RIGHTS:

This determination is final unless an appeal is filed by the claimant or any other interested party within NINE (9) days after mailing this notice.

No appeal was filed by Perrine or by anyone on his behalf until March 16, 1987. The Department refused to accept Perrine's appeal since it was not timely filed. The Secretary, concluding that appeal times are jurisdictional and that Perrine's appeal was untimely made, upheld the Department's decision and ordered that Perrine's appeal be dismissed. From the Secretary's adverse decision, Perrine appealed for review to the circuit court. After a hearing, the circuit court also determined Perrine's appeal to be untimely and affirmed the Secretary's order.

Perrine now appeals to this court claiming that the Rules of Civil Procedure, particularly SDCL 15–6–6(a) directing the computation of time periods and SDCL 15–6–6(e) allowing three additional days to a prescribed time period when notice is served by mail, should be followed by the Department in cases involving an intra-agency appeal from a determination of unemployment compensation benefits. Perrine also contends that the Department should have held an initial hearing on the District's appeal, even though the Department issued a redetermination notice in the District's favor essentially rendering its appeal moot.

The procedure for filing, determining and appealing unemployment compensation benefits is delineated in SDCL ch. 61–7. Significantly, SDCL 61–7–5 provides:

Unless the claimant, ... within *nine days after notice has been mailed* to his last known address, ... files an appeal from the adjusted determination, such determination shall be final ... and benefits shall be paid or denied in accordance therewith.... (Emphasis supplied).

The Department is authorized under SDCL 61–7–8 to prescribe rules detailing the manner in which disputed claims are presented and hearings and appeals are conducted. No particular rule, however, specifies the method of computing the nine-day period in SDCL 61–7–5. In the absence of such a rule, Perrine asserts that SDCL 15–6–6(a) [1] and 15–6–6(e) [2] should apply to this prescribed period.[3]

In support of his contention that the nine-day period in SDCL 61–7–5 should incorporate SDCL 15–6–6(a) and SDCL 15–6–6(e), Perrine cites *Madsen v. Preferred Painting Contractors*, 89 S.D. 397, 233 N.W.2d 575 (1975). In *Madsen*, the appellant applied for worker's compensation benefits through the South Dakota Department of Labor. The deputy commissioner entered an order denying the appellant's claim for benefits and notified the appellant of his decision by first class, certified mail. Under SDCL 62–7–16, the appellant had ten days after service of the commissioner's decision to file a petition for review. The appellant, believing he had been granted a ten-day extension to file, served his petition for review twenty-six days after the deputy commissioner's order was issued. His petition was denied on the basis that it was untimely. This court, in interpreting and construing the ten-day period in SDCL 62–7–16, incorporated SDCL 15–6–6(e) to add three days for service by mail to the prescribed ten-day period.

Although the present case is factually similar to *Madsen*, we find the two cases distinguishable. *Madsen* dealt with a worker's compensation claim under SDCL ch. 62–7. SDCL 62–7–30 specifically provides that service of notices or orders may be made in the manner provided by SDCL 15–6–5, the statute governing the service and filing of pleadings and other papers. When a notice regarding a worker's compensation claim is served by mail pursuant to SDCL 15–6–5(b), the provision in SDCL 15–6–6(e) allowing an additional three days is necessarily implicated. Such is not the case when the notice regards a claim for unemployment compensation. We find no similar statutory incorporation of SDCL 15–6–5 in SDCL ch. 61–7 and we are not inclined to judicially incorporate in the nine-day period prescribed in SDCL 61–7–5 a rule of civil procedure which allows three additional days when notice is served by mail.

Instead, we adhere to the general rule of law regarding appeals within an agency which states:

Proceedings for appeal or review must be instituted within the period of time prescribed by statute, since such statutory provision is mandatory and jurisdictional. A failure to comply with the statutory requirements subjects an appeal to dismissal. In the absence of specified conditions, the requirement may not be waived by the administrative appellate tribunal, or by the opposing parties by agreement or failure to object, and an assumption of jurisdiction by the appel-

1. SDCL 15–6–6(a) provides, in pertinent part: In computing any period of time prescribed or allowed by this chapter, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a legal holiday.

2. SDCL 15–6–6(e) states: Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, or whenever such service is required to be made a prescribed period before a specified event, and the notice or paper is served by mail, three days shall be added to the prescribed period.

3. We note that if we were to accept Perrine's method of computing the time in which he could file an appeal, thereby incorporating the provisions of SDCL 15–6–6(a) and SDCL 15–6–6(e) into the nine-day period prescribed in SDCL 61–7–5, Perrine's appeal would have been timely filed. The ninth day after the Department's redetermination became final was Wednesday, March 11, 1987. Since the final day of the three additional days allowed by SDCL 15–6–6(e) fell on Saturday, March 14, 1987, Perrine would have had until the end of Monday, March 16, 1987 to file his appeal. This he accomplished by mailing to the Department written notice of his appeal on March 16, 1987.

late tribunal on its own motion must comply with the statutory time limitations.

81 C.J.S. *Social Security and Public Welfare* § 281(b) at 590–91 (1977). This rule was adopted by the North Dakota Supreme Court in *Amoco Oil Co. v. Job Service North Dakota,* 311 N.W.2d 558 (N.D.1981). In *Amoco Oil,* Amoco sought an intra-agency appeal of a determination granting unemployment compensation benefits to striking workers. Amoco's request for review, however, was denied on the basis that it was untimely and that the decision of the appeals referee had become final. The court rejected Amoco's contention that Rules 6(a) and 6(e) of the North Dakota Rules of Civil Procedure[4] were applicable in computing the twelve-day period within which Amoco's appeal was to be filed. The court stated:

> We are not aware of any rule or case law which provides that the rules of civil procedure apply to proceedings within an agency or intra-agency appeals as distinguished from appeals from the decision of an agency to the district court. We have held that the court-adopted rules apply to appeals from an administrative agency to the district court, and for that matter, appeals from the district court to the Supreme Court; but no case has been called to our attention and our research does not reflect a decision of this Court which has held that the Court-adopted rules of procedure apply to intra-agency appeals and procedures.

*Amoco Oil,* 311 N.W.2d at 562. *See also Buzick v. N.D. State Highway Com'r,* 351 N.W.2d 438 (N.D.1984).

■■■ We find the reasoning of the North Dakota Supreme Court in *Amoco Oil* persuasive. SDCL 15–6–1 provides that the rules of civil procedure govern the procedure in the *circuit courts.* Unless otherwise provided by statute or by proclamation of this court, such rules apply to no other proceedings. We therefore hold that the time set forth for appeals from determinations rendered by the Department under SDCL 61–7–5 is absolute. Lack of a

timely appeal requires dismissal of the appeal for lack of jurisdiction. *See Baldinger Baking Co. v. Stepan,* 354 N.W.2d 569 (Minn.App.1984); *Messina v. Iowa Dept. of Job Service,* 341 N.W.2d 52 (Iowa 1983). Because Perrine untimely filed his appeal, the Department's redetermination denying him unemployment compensation benefits was final and Perrine's appeal was properly dismissed.

■■■ Perrine's second contention that the Department should have held an initial hearing on the District's appeal, even though the Department's redetermination in the District's favor rendered its appeal moot, must also fail. Under SDCL 61–7–4, "[t]he benefit section may set aside the initial determination for the purpose of making an adjusted determination upon the basis of additional facts obtained." The Department clearly acted within its authority when it set aside its initial determination qualifying Perrine for unemployment compensation benefits. The redetermination notice was issued after the Department reviewed the additional documentation provided by both the District and Perrine. Because the redetermination was in the District's favor, a hearing on the District's appeal would have held little, if any, practical significance. Furthermore, Perrine has not demonstrated that he was deprived of any rights because the Department did not hold a hearing on the District's appeal. Perrine was afforded an opportunity for an appeal and a hearing after the Department's redetermination of his eligibility for unemployment compensation benefits. Consequently, his claim that a hearing should have been held on the District's appeal when it no longer had an appealable issue is without merit.

For the foregoing reasons, the judgment is affirmed.

MORGAN, SABERS and MILLER, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Is it in keeping with good common sense and civil procedure that a department of

---

**4.** Rules 6(a) and 6(e) of the North Dakota Rules of Civil Procedure are virtually identical to SDCL 15–6–6(a) and SDCL 15–6–6(e), respectively.

government, such as the South Dakota Department of Labor, which administers both worker's compensation claims and unemployment compensation claims, has:

(a) A certain appellate procedure for worker's compensation; and

(b) a totally different type of appellate procedure for unemployment compensation?

*Madsen,* cited by the majority opinion, is compelling precedential authority in this Court and footnote 3 of the majority opinion establishes the timeliness of Perrine's appeal. We should reaffirm *Madsen,* factually similar, and decree that three days is thereby added to the nine-day statutory period prescribed by SDCL 61–7–5 when the Department of Labor opts to make service by mail. *Madsen* clearly cited SDCL 15–6–6(e) in determining the legal time period for an intra-agency appeal, even though the worker's compensation statutes do *not* incorporate SDCL 15–6–6(e) by reference. Through decision, this Court imported SDCL 15–6–6(e) into a statutory scheme to answer a question about the computation of time for an intra-agency appeal. With this decision, we now have ten days, plus three days for mailing, to perfect an appeal in worker's compensation; and nine days, but not three days for mailing, in unemployment compensation.

If my dissent prevailed, this case would be remanded to the circuit court for a correct decision; ultimately, then, Perrine would be heard on the merits and not be defaulted by state government administrative negligence—yes, because it—government—*failed* to prescribe a rule under SDCL 61–7–8. The Department of Labor implemented no separate administrative rule on the time for appealing from an "adjusted determination." Its failure to act responsibly is exemplified by ARSD 47:06:05.

Appellant is defeated by a technicality. This should not be. Perrine's case should be decided on the merits. For a collection of cases supporting my viewpoint on statutory construction pertaining to appeal rights, see 3A Sutherland Stat. Const. § 67.08 (4th rev. ed. 1986). These treatise writers conclude by expressing: "Any doubt as to the proper construction of statutes regulating appeal should be resolved in favor of right of appeal." *Supra* § 67.08, at 371 (footnote omitted). Two other authorities I wish to rely upon:

1. *Red Bird v. Meierhenry,* 314 N.W.2d 95, 96 (S.D.1982), which held "the unemployment compensation statutes should be liberally construed in favor of the claimant to afford all the relief the legislature intended to grant."

2. SDCL 2–14–12, which in pertinent part reads: "[T]he law of this state ... and *all proceedings under it* are to be liberally construed with a view to effect its objects and to promote justice." (Emphasis added.)

It appears the majority's holding accomplishes the opposite; this opinion strictly construes the "proceedings" (the procedural law) and the statutes pertaining to relief (the substantive law); due to our *Madsen* decision, it creates unpredictability in the application of the three-day mailing rule; therefore, I respectfully dissent.