**Paul SOWARDS, Appellant,**

v.

**HILLS MATERIALS COMPANY and Maryland Casualty Company, Appellees.**

Nos. 18471, 18476.

Supreme Court of South Dakota.

Argued April 26, 1994.

Decided Sept. 7, 1994.

William Jason Groves and Michael L. Buffington of Groves Law Office, Rapid City, for appellant.

Benjamin J. Eicher and Heidi L. Towne of Wallahan and Eicher, Rapid City, for appellees.

AMUNDSON, Justice.

Paul Sowards appeals the circuit court's affirmance of the South Dakota Department of Labor's order permitting discovery by Hills Materials Company and Maryland Casualty Company. We affirm.

## FACTS

On January 19, 1990, Paul Sowards (Sowards) became injured while working for Hills Materials Company (Employer). A stool broke as Sowards was stepping onto it, causing him to fall and sustain injuries to his right foot, ankle, knee, and hip. Some months after the accident, Sowards began experiencing impotency as well as inflammation of the right testicle. Eventually, in March 1992, Sowards underwent surgery by Dr. Andrew Yamada (Dr. Yamada) for a testicular inflammatory disease called "epididymo-orchitis." The pathologist involved in the surgery was Dr. James A. Rud (Dr. Rud).

Sowards filed a petition for hearing with the State Department of Labor (Department) on May 15, 1992. On June 12, 1992, Dr. Rud reported the condition of the testicle was not related to Sowards' work accident. On August 18, 1992, Dr. Yamada opined that the condition of the testicle was not "secondary to the previous injury [,i.e., work related]." On November 30, 1992, in response to Employer's request for admission, Sowards admitted that the testicular disease was not within the compensation duty of Employer, however, he refused to concede that his sexual dysfunction was not work-related. Consequently, the impotency condition is still disputed.

On January 28, 1993, Employer wrote a letter to Sowards' attorney requesting permission to ask Dr. Yamada and Dr. Rud to address whether the impotency claim was work-related.[1] On January 29, 1993, Sowards filed a motion for protective order to

---

1. Employer's proposed letter to the doctors asked the following questions:

 1. Based upon the information you have in your files regarding Mr. Sowards, are you *able* to state an opinion, to a reasonable medical probability, as to whether Mr. Sowards' alleged impotency is related to his work injury?
 2. Based upon information you have in your files regarding Mr. Sowards, are you *willing* to state an opinion, to a reasonable medical probability, as to whether Mr. Sowards' alleged impotency is related to his work injury?
 3. Do you need to look at, or be supplied with, any other medical records in order to render an opinion regarding the alleged work-relatedness of Mr. Sowards' alleged impotency?

 4. Would you prefer to examine and/or meet with Mr. Sowards before rendering such an opinion?
 5. Can you state an opinion to a reasonable medical probability that the testicular inflammatory disease, which you have said is not related to Mr. Sowards' work injury, would have caused or contributed to the alleged impotency?

Employer's letter to Sowards' attorney concluded, "If you do not give me permission to send these letters, I frankly will send them anyway." (This type of threat certainly cannot be construed as falling within the parameters of "professionalism" when an attorney is involved in discovery. Our decision should not be interpreted as condoning this type of activity.)

prevent Employer from sending the proposed letter. Following a hearing on Sowards' motion for protective order, Department entered an order denying Sowards' motion.

Department's order provided the following:

1. Employer/Insurer's January 28, 1993, letter is a permissible communication with Claimant's doctors, is not subject to any ·physician-patient privilege, and is not an ex parte communication, as Claimant's attorney was provided a copy in advance;

2. Additional contacts by Employer/Insurer's counsel with Claimant's doctors are to be conducted in the following manner: if by letter, a copy is to be provided to Claimant's counsel in advance, with an opportunity given to object to inquiries irrelevant to the present action; if by conversation, in-person, on the phone, and the like, Claimant's counsel is to [be] notified, given the opportunity to participate, and to object to any inquiries deemed irrelevant to the present action. These guidelines in no way prevent [Employer's] use of permissible discovery procedures to obtain medical information, to call Claimant's doctors as witnesses in a hearing, or limit Employer/Insurer's right to seek an independent medical examination pursuant to SDCL 62–7. ·

Sowards appealed Department's order to the circuit court. The circuit court affirmed Department's order. Sowards appeals.

## ISSUES

1. Did Department exceed its authority by issuing a discovery order allowing "informal" discovery over Sowards' objection?

2. Was Employer's letter to Sowards' "treating physicians" a permissible communication and not prohibited by Sowards' physician/patient privilege?

## ISSUE ON NOTICE OF REVIEW

Did Department improperly restrict Employer's access to the "treating physicians" in its order?

## STANDARD OF REVIEW

"We review the administrative agency's decision the same as did the circuit court. We do not substitute our judgment for that of the agency on the weight of the evidence unless clearly erroneous or characterized by an abuse of discretion." *Rank v. Lindblom*, 459 N.W.2d 247, 248 (S.D.1990) (citations omitted). "Nor do we make any presumptions that the circuit court's decision was correct." *Schlenker v. Boyd's Drug Mart*, 458 N.W.2d 368, 370 (S.D.1990) (citation omitted).

## DISCUSSION

### ISSUE 1

Did Department· exceed its · authority by issuing a discovery order allowing "informal" discovery over Sowards' objection?

Sowards argues that Department exceeded its statutory authority by issuing the order permitting Employer to contact the treating physicians because the Employer's contact with the treating physicians violates the physician/patient privilege and is also an ex parte communication.[2] Further, Sowards contends Department is required to follow the formal discovery rules as provided by SDCL 15–6–26.

Department ruled the proposed letter from Employer to the treating physicians was not subject to any physician/patient privilege and was not an ex parte communication because Sowards' attorney was provided with a copy of the letter in advance and was given an

---

**2.** Sowards cites *Roosevelt Hotel Ltd. Partnership v. Sweeney*, 394 N.W.2d 353 (Iowa 1986), to support his position that Department has exceeded its authority. *Roosevelt* involves a personal injury action in which a defendant asked a court to compel a plaintiff to execute a waiver of physician-patient privilege authorizing defense counsel to communicate privately with and obtain medical information from plaintiff's health care providers. We find *Roosevelt* totally inapplicable to the case at bar. In *Morrison v. Century Engineering*, 434 N.W.2d 874, 876–77 (Iowa 1989), the Iowa Supreme Court stated: "We remain convinced of the appropriateness of the rule in *Roosevelt* but believe it should not be applied in workers' compensation cases."

opportunity to object. Department then ordered discovery to continue within certain procedural limits (i.e., notification of Sowards' attorney prior to contacting physicians).

 Department's order of discovery will be reviewed under the abuse of discretion standard. Under the abuse of discretion standard, it is not for us to determine whether we would have made a like ruling, but whether a judicial mind in view of the law under the circumstances could reasonably have reached such a conclusion. *Myron v. Coil,* 82 S.D. 180, 143 N.W.2d 738 (1966); *see also Wilcox v. City of Winner,* 446 N.W.2d 772 (S.D.1989).

 SDCL 15–6–1 [3] provides that the rules of civil procedure govern procedure in the *circuit courts.* There is no statute or proclamation providing for worker's compensation proceedings to be governed by the rules of civil procedure. "Unless otherwise provided by statute or by proclamation of this court, such rules apply to no other proceedings." *Perrine v. S.D. Dept. of Labor,* 431 N.W.2d 156, 159 (S.D.1988). The logical conclusion is that worker's compensation proceedings are not governed by the rules of civil procedure unless otherwise ordered by the hearing officer. *Perrine,* 431 N.W.2d at 159; SDCL 1–26–19.2; [4] *see also Lawler v. Windmill Restaurant,* 435 N.W.2d 708 (S.D. 1989).

After reviewing all the evidence in this case, we conclude Department did not abuse its discretion by establishing the ground rules for informal discovery in a worker's compensation case. We agree with the Iowa Supreme Court's statement in *Morrison v. Century Engineering,* 434 N.W.2d 874, 877 (Iowa 1989): "The system is designed to be essentially nonadversarial. Whatever its

faults, real or imagined, the system presupposes that all workers will benefit more if claims are processed routinely and paid quickly." *Id.* Department's order is a reasonable means of protecting the claimant's privacy interests while accommodating the nonadversarial, informal nature of worker's compensation proceedings.

### ISSUE 2

Was Employer's letter to Sowards' "treating physicians" a permissible communication and not prohibited by Sowards' physician/patient privilege?

 Sowards' motion for a protective order claimed Employer was making impermissible "ex parte" contacts with the treating physicians. In fact, at that time, Employer had not contacted the physicians but was simply informing Sowards of its plan to ask the physicians for their opinion of the work relatedness of Sowards' impotency. Department ruled the letter was not an ex parte communication because Sowards' attorney was provided with a copy in advance and no communication was made without prior notice. The circuit court affirmed this decision. We agree.

 One of the primary purposes of the South Dakota Worker's Compensation Act is to provide an injured employee with a remedy which is both expeditious and independent of proof of fault. *Scissons v. City of Rapid City,* 251 N.W.2d 681, 686 (S.D.1977). In order to accommodate this purpose, worker's compensation procedure is "generally as summary and informal as is compatible with an orderly investigation of the merits." Larson, *Worker's Compensation Law* § 77A.00 (1993). "The whole idea is to get away from the cumbersome procedures ... and to reach a right decision by the shortest and quickest possible route." *Id.* at § 77A.10. This infor-

---

3. SDCL 15–6–1 provides:
 This chapter governs the procedure in the circuit courts of the state of South Dakota in all suits of a civil nature, with the exceptions stated in § 15–6–81. It shall be construed to secure the just, speedy and inexpensive determination of every action.

4. SDCL 1–26–19.2 provides:
 Each agency and the officers thereof charged with the duty to administer the laws and rules of

the agency shall have power to cause the deposition of witnesses residing within or without the state or absent therefrom to be taken or other discovery procedure to be conducted upon notice to the interested person, if any, in like manner that depositions of witnesses are taken or other discovery procedure is to be conducted in civil actions pending in circuit court in any matter concerning contested cases.

mality not only prevents the defeat of claims by technicalities, but simplifies and expedites the achievement of substantially just results. *Id.* at § 77A.46.

█ Sowards also claims the letter is a violation of the physician/patient privilege. Department and the circuit court on appeal concluded the proposed communication was not subject to any physician/patient privilege. We agree.

The applicability of the physician/patient privilege to worker's compensation proceedings has been questioned by more than one scholar. "[E]nforcement of patient-physician privilege in an industrial accident tribunal is nonsense, obvious and complete." Maguire, *Evidence Common Sense and Common Law* 164 (1947). Professor Larson has written, "the validity of the privilege should be reexamined against the policies of compensation legislation. In particular, the physician-patient privilege ... is of doubtful utility[.]" Larson, *Worker's Compensation Law* § 79.-83(c) (1993).

Under SDCL 1–26–19 South Dakota's administrative procedure provides: "The rules of evidence as applied under statutory provisions and in the trial of civil cases in the circuit courts of this state, or as may be provided in statutes relating to the specific agency, shall be followed.... Agencies shall give effect to the rules of privilege recognized by law."

█ SDCL 19–13–7 [5] provides the physician/patient privilege in South Dakota. It is clear that South Dakota law implies a waiver of the privilege if, as here, a patient litigant has placed his or her physical condition at issue as the basis of a legal claim. The rules of evidence provide: "There is no privilege ... as to a communication relevant to an issue of the physical ... condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense...." SDCL 19–13–11. Here, Sowards claims he suffers from impo-

tency due to a work-related injury. This allegation directly implicates his physical health and constitutes a waiver of the privilege. *Sheid v. Hewlett Packard,* 826 P.2d 396 (Colo.App.1991).

The circuit court ruled that this communication did not violate the physician/patient privilege because SDCL 19–2–3 provides:

In any action or proceeding or *quasi-judicial administrative proceeding,* whenever the physical or mental health of any person is in issue, any privilege under § 19–13–7 shall conclusively be deemed to be waived at trial or for the purpose of discovery under chapter 15–6 if *such action or proceeding is civil in nature* ... (Emphasis added.)

The circuit court also cited SDCL 62–4–45, a worker's compensation provision, which provides:

All medical practitioners or surgeons attending injured employees shall comply with the rules promulgated pursuant to chapter 1–26 by the department of labor and shall make such reports as may be required by it. All medical and hospital information relevant to the particular injury shall, on demand, be made available to the employer, employee, insurer and the department of labor. *No relevant information developed in connection with treatment or examination for which compensation is sought may be considered a privileged communication for purposes of a worker's compensation claim.* If a medical practitioner or surgeon willfully fails to make any report required of him under this section, the department of labor may order the forfeiture of his right to all or part of payment due for services rendered in connection with the particular case. (Emphasis added.)

These statutory sections clearly indicate the legislature did not extend the physician/patient privilege to relevant medical in-

---

**5.** SDCL 19–13–7 provides:

A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional condition, including alcohol or drug addiction, among himself, physician or psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family.

formation in worker's compensation proceedings. There should be a free flow of information regarding an employee's physical condition when a worker's compensation claim is made.

> Informality is in everyone's interest because in worker's compensation cases, unlike ordinary cases, liability is almost never an issue. The only question is the condition of the injured worker. Because of the narrow scope of inquiry the possibility of revealing extraneous evidence is lower in worker's compensation cases than in ordinary cases.

*Morrison,* 434 N.W.2d at 876.

Our review of the applicable South Dakota law and the facts of this case demonstrates that Department and circuit court correctly decided Employer's request would not violate the physician/patient privilege in this worker's compensation proceeding. This is especially true when the questions propounded could easily have been answered with a simple "yes" or "no."

We have reviewed the issue raised by Employer's notice of review and find it lacks merit. The circuit court order is affirmed in all respects.

MILLER, C.J., and WUEST, J., concur.

HENDERSON and SABERS, JJ., concur specially.

HENDERSON, Justice (specially concurring).

Theoretically, per the majority opinion, and acting upon an Iowa Supreme Court case in 1989, a worker's compensation case is supposed to be "nonadversarial." However, practically speaking, in my years of service to the public and the legal profession in South Dakota, I have not found that to be true. There are many highly skilled advocates in South Dakota whose practice emphasizes worker's compensation laws. They hold themselves out as highly knowledgeable in this area.

Our South Dakota Code reflects dozens of cases, tried below, which wended their way to the Supreme Court of this state for a decision. There is a wide variety of cases pertaining to (1) liability, (2) failure to file timely claims, (3) indemnification of third parties, (4) covered employment, (5) independent contractor or not, (6) burden of proof, (7) extent of disability, (8) mental disabilities, (9) election to proceed against employer, and (10) determination of necessary treatment, just to name a few.

As a practicing lawyer, trial judge and Supreme Court Justice for a period of over forty years, I have witnessed and participated in a great number of the aforementioned type of cases involving worker's compensation. Will "the system" (worker's compensation) be more beneficial "if claims are processed routinely and paid quickly?" Beneficial for whom?

It does not appear to me, notwithstanding this decision, that the practice of worker's compensation law, will become, per se, non-adversarial. Truly, legitimate claims should be paid and "quickly"—in theory—but that does not always happen. And then the birth of legal controversy is upon us. This decision should not be a death knell for those who practice law in the field of worker's compensation. Nor should it be construed to hamper the legitimate claims of those who are injured in a dark mine in the Black Hills or a young lad who gets badly hurt unloading heavy boxes or a truck driver hauling cattle on an icy road or a nurse whose back is injured while lifting a patient. In commerce, there are many ways to be injured and there are many scenarios of different types of injuries. Questions from industrial accidents arise concerning permanent disability or permanent partial disability or death. There are many questions to be resolved in worker's compensation cases and the answers are not always black or white. There are areas of gray and that is when the lawyers must come to the fore. Injured claimants will always need lawyers. Fixing compensation cannot be administered solely by a slide rule within the Department of Labor at the State Capitol in a "nonadversarial, informal" setting. Injuries are of varying degree. People are different. If the insurance company has an advocate, so should the claimants. Insurance companies have corporate claims offices and a staff of attorneys. Not so with the

injured worker. Therefore, I cannot fully join the majority opinion which labels worker's compensation proceedings as "nonadversarial."

As I perceive it, the State Legislature of South Dakota has defined certain privileges and the terms by which they are lost or surrendered. These privileges have undergone a metamorphosis by the addition of SDCL 62–4–44, **Report to be submitted to employer and department of labor by treating practitioner or surgeon—Time limitation,** via SL 1990, ch 416, § 4, and SDCL 62–4–45, **Information about injury to be made available—Penalty for withholding information,** via SL 1990, ch 416, § 5; 1993, ch 375, § 43. By the 1990 legislative act, new sections were added which materially affected selection of a medical practitioner or surgeon, treatment, reports, and requiring medical practitioners attending injured employees to make "medical and hospital information relevant" available on "demand." Same are now deemed to no longer be "a privileged communication for purposes of a worker's compensation claim." SDCL 62–4–45.

Finally, if claims are paid "routinely and quickly," it is to be remembered that the Workmen's Compensation Act is remedial and should be liberally construed to effectuate its purpose. *Schwan v. Premack,* 70 S.D. 371, 17 N.W.2d 911 (1945).

Justice is just like coffee. If you boil or perk it, it usually tastes pretty good. But if it's instant coffee, the aroma is not there and it doesn't taste so good. Myself, I have never enjoyed instant coffee.

SABERS, Justice (concurring specially).

Although I concur in the opinion, I do not join the last paragraph of footnote 1 because the statement in the letter is a statement of fact or intention, or legal right, rather than a threat.