2001 SD 90

**Cyril W. SCHREIFELS, Employee, Claimant and Appellant,**

v.

**KOTTKE TRUCKING, Employer and Appellee,**

and

**Dakota Truck Underwriters, Insurer and Appellee.**

**No. 21495.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 27, 2000.

Decided July 11, 2001.

Bret C. Merkle of Merkle Law Firm, Sioux Falls, SD, Attorneys for appellant.

Susan Brunick Simons of Davenport, Evans, Hurwitz & Smith, Sioux Falls, SD, Attorneys for appellees.

KONENKAMP, Justice

[¶ 1.] Cyril W. Schreifels appeals from an order granting Kottke Trucking (Employer) and Dakota Truck Underwriters' (Insurer) motion to dismiss for want of jurisdiction. The matter was dismissed with prejudice due to Schreifels' failure to comply with SDCL 1–26–31. We affirm.

## FACTS

[¶ 2.] Schreifels filed a petition for hearing with the South Dakota Department of Labor. Schreifels, a truck driver, claimed that his three heart attacks and resulting bypass surgery were caused by stress from loading Employer's truck and trailer. The Department ultimately concluded that Schreifels failed to sustain his burden of proving that his coronary artery disease arose out of and in the course of his employment. Employer and Insurer's motion for summary judgment was granted.

[¶ 3.] Schreifels, a resident of Big Stone City in Grant County, filed a notice of appeal in the circuit court of the Second Judicial Circuit, Minnehaha County. Employer and Insurer moved to dismiss, arguing that Schreifels failed, within the prescribed time period, to file the appeal in Grant County or Hughes County as required by SDCL 1–26–31. In the alternative, they moved to change venue to Hughes County in accord with SDCL 1–26–31.3. Schreifels responded with a motion for relief pursuant to SDCL 1–26–30.5, seeking an order "curing any irregularity in venue by changing venue in this matter to Grant County,. South Dakota."

[¶ 4.] The circuit court dismissed the appeal with prejudice and denied Schreifels' later motion for reconsideration. The court reasoned that the matter was an administrative appeal where the notice provisions of SDCL 1–26–31 had to be specifically followed for the court to obtain jurisdiction.

## ISSUE

[¶ 5.] **Did Schreifels' failure to file his worker's compensation appeal in Grant County or Hughes County mandate dismissal of the appeal?**

## DECISION

[¶ 6.] Appeals from Department worker's compensation final orders or decisions are taken pursuant to SDCL 1–26. SDCL 62–7–19. According to SDCL 1–26–31:

> An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by filing the original with proof of such service in the office of the clerk of courts of the county

in which the venue of the appeal is set, within thirty days after the agency served notice of the final decision, or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon.

[¶ 7.] "SDCL 1–26–31 provides the basis for the circuit court to exercise jurisdiction." *Oberle v. City of Aberdeen*, 470 N.W.2d 238, 242 (S.D.1991). It is clear and uses mandatory language. *Stark v. Munce Bros. Transfer & Storage*, 461 N.W.2d 587, 588 (S.D.1990). Consequently, under SDCL 1–26–31 a circuit court acquires subject matter jurisdiction of an appeal if within thirty days after the agency served notice of a final decision:

a) a copy of the notice of appeal is served upon the adverse party, the agency and the hearing examiner, and,

b) the notice of appeal is filed in the office of the clerk of courts in the county in which the venue of the appeal is set.

[¶ 8.] In accord with SDCL 1–26–31, the "county in which the venue of the appeal is set" is established by SDCL 1–26–31.1:

The venue of the appeal is as follows:

(1) If the appellant is a resident of this state, to the circuit court for the county of his residence or to the circuit court for Hughes county, as he may elect;

(2) If the appellant is a nonresident or a foreign corporation, to the circuit court for Hughes county;

(3) The parties may stipulate for venue in any county in the state, and the circuit court for such county shall thereupon hear the appeal.

Appeals from a single administrative action may not proceed in more than one county. If multiple appeals of a single action are filed in more than one county, the appeals shall be consolidated and heard in the county in which the appeal is first filed. If more than one appeal is first filed on the same date and a stipulation among the parties as to venue cannot be reached, the venue of the appeal is in the circuit county for Hughes county.

Since the parties had not stipulated for venue, Schreifels was required to file original notice of appeal in the county of his residence, Grant County, or in Hughes County. SDCL 1–26–31, SDCL 1–26–31.1(1). He concedes that he did neither, electing to file the notice of appeal in Minnehaha County, where he found it convenient and he believed the case's significant contacts were.

[¶ 9.] This Court has clearly held that "[w]hen the legislature provides for appeal to circuit court from an administrative agency, the circuit court's appellate jurisdiction depends on compliance with conditions precedent set by the legislature." *Claggett v. Department of Revenue*, 464 N.W.2d 212, 214 (S.D.1990). The failure to comply with a statutory condition precedent deprives the circuit court of subject matter jurisdiction.[1] *Id.*

[¶ 10.] *Claggett*, 464 N.W.2d at 212, construed a condition precedent found in the appeal provision of SDCL 10–59–9.

---

1. Jurisdiction (the power to hear the case) of the subject matter refers to jurisdiction over the nature of the case and the type of relief sought. Black's law Dictionary, 857 (7th ed 1999). Venue is the proper or a possible place for the trial of a lawsuit. *Id.* at 1553.

SDCL 1–26–31 places the power to review an administrative decision in "the county in which the venue of the appeal is set" and the court's subject matter jurisdiction is not invoked unless the notice of appeal is filed there.

*Stark,* 461 N.W.2d at 588, however, considered whether the subject matter jurisdiction of the circuit court was invoked under SDCL 1–26–31 when the Department of Labor was not served. This Court held:

> The issue here is whether the subject matter jurisdiction of the circuit court was invoked. When the legislature prescribes a procedure for circuit court review of the action of an administrative body, the conditions of the procedure must be complied with before jurisdiction is invoked. (citations omitted).... SDCL 1–26–31 specifically requires service of the notice upon the agency which rendered the decision, in this case the Department of Labor. The statute is clear and uses mandatory language. *Matter of Groseth Intern., Inc.,* 442 N.W.2d 229 (S.D.1989).
>
> * * *
>
> As we recently indicated, the notice of appeal serves as a notice of transfer of jurisdiction from the executive branch to the judicial branch. *See Groseth,* 442 N.W.2d at 231. As a result, this case is inherently different than *Olson* which involved an intra-agency appeal. Lack of prejudice to Munce has little or no bearing on Stark's failure to notify the Department of Labor of the transfer of jurisdiction to the judicial branch. Moreover, Stark's error is in no way negated by the Division of Labor and Management's completion of the administrative portions of its responsibilities. The circuit court's subject matter jurisdiction has not been invoked and the circuit court was correct in dismissing the appeal.

**2.** The dissent notes that SDCL 1–26–32.1 provides that the sections of Title 15 relating to practice and procedure in circuit court apply to the procedure for taking and conducting appeals under SDCL ch 1–26. That statute

*Stark,* 461 N.W.2d at 588–589. So, too, Schreifels' failure to file the notice of appeal in the proper county does not invoke the circuit court's subject matter jurisdiction.

[¶ 11.] Schreifels contends, however, that circuit courts and their judges have jurisdiction coextensive with the state's boundaries. Consequently, any judge can simply transfer a case to a different venue under the rules of civil procedure. This ignores the Court's recent decision in *State v. Wilson,* 2000 SD 133, 618 N.W.2d 513, which rejected the contention that circuit courts have statewide jurisdiction. In addition, worker's compensation proceedings are generally not governed by the rules of civil procedure and their venue provisions.[2] *Sowards v. Hills Materials Co.,* 521 N.W.2d 649, 652 (S.D.1994). "If the legislature wishes to revise SDCL 1–26–31 to conform to civil practice ... it may do so. The intent of the statute must be determined from what the legislature said, rather than what this court thinks the legislature should have said[.]" *Sudbeck v. Dale Electronics, Inc.,* 519 N.W.2d 63, 67 (S.D.1994).

[¶ 12.] SDCL 1–26–31 clearly delineates who must be served with a notice of appeal and when and where it must be filed in order to transfer jurisdiction from the executive to the judicial branch. Because Schreifels ignored the plain language of the statute and instead chose to file in a county convenient to him but not statutorily mandated, the circuit court for Minnehaha County did not have subject matter jurisdiction over the appeal and correctly ordered it dismissed.

[¶ 13.] Affirmed.

also provides, however, that Title 15 is not applicable if a different provision is specifically made by SDCL ch 1–26. That is exactly what SDCL 1–26–31 does.

[¶ 14.] MILLER, Chief Justice, AMUNDSON and GILBERTSON, Justices, concur.

[¶ 15.] SABERS, Justice, dissents.

SABERS, Justice (dissenting).

[¶ 16.] The majority opinion concludes that the trial court acted properly in dismissing the appeal instead of simply changing venue. In so doing, the majority opinion states that "worker's compensation proceedings are not governed by the rules of civil procedure and their venue provisions." In support of this proposition, the majority opinion cites *Sowards v. Hills Materials Co.*, 521 N.W.2d 649, 652 (S.D. 1994) which indicates:

> SDCL 15-6-1 provides that the rules of civil procedure govern procedure in the *circuit courts*. There is no statute or proclamation providing for workers compensation proceedings to be governed by the rules of civil procedure.

Significantly, that case dealt with a Department of Labor's order of discovery, not the propriety of an appeal to the circuit court.

[¶ 17.] SDCL 1-26-32.1 provides:

> The sections of Title 15 relating to practice and procedure in the circuit courts shall apply to procedure for taking and conducting appeals under this chapter so far as the same may be consistent and applicable, and unless a different provision is specifically made by this chapter or by the statute allowing such appeal.

SDCL 15-5-11 allows the trial court to change venue "[w]hen the county designated for that purpose in the complaint is not the proper county." It is undisputed that Schreifels filed the appeal in the inappropriate county. However, the circuit court was petitioned by Schreifels to change venue to the proper county in accord with SDCL 1-26-31.3. Title 15 clearly vests the circuit court with the power to change venue to the proper county and that is what it should have done.

[¶ 18.] Title 15 is only rendered inapplicable if SDCL chapter 1-26 "specifically" displaces its provisions. Contrary to footnote two of the majority opinion, SDCL 1-26-31 does not "specifically" displace Title 15 as it relates to "grounds for change of venue." SDCL 1-26-31.1 specifies the proper venue, not what to do if the action is filed in the wrong venue. Our recent decision in *State v. Wilson*, 2000 SD 133, 618 N.W.2d 513, does not so limit circuit courts or deprive them of the power to change venue.