STATE, Respondent, v. REININGER, Appellant.

(239 N. W. 849.)

(File No. 7005. Opinion filed December 19, 1931.)

*F. E. Ward,* of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

POLLEY, P. J. ██ Appellant was convicted of the violation of the provisions of section 7892-7903, inclusive, of the 1919 Revised Code, re-enacted and now embodied in chapter 238, Laws 1929. This chapter provides for the registration, inspection, and sale of live stock foods and remedies known as "concentrated commercial feeding stuff," "mineral deficiency feed," and "live stock remedy." The law requires that, before any person may sell or offer any of said foods or remedies for sale, he shall file with the secretary of agriculture a label or statement showing the various ingredients contained in such food or remedy, and, upon request by the said secretary, shall furnish to him a specified sample of such food or remedy, accompanied by the affidavit of the person furnishing such sample to the effect that such sample is a true sample of the product it is claimed to represent, and also shall pay to the secretary of agriculture, on or before the 15th day of July in each year, a fixed fee for each of such various kinds of foods or remedies.

Section 13 of the act (chapter 238, Laws 1929) reads as follows: "It shall be the duty of the Secretary of Agriculture to see that the provisions of this act are complied with and enforced, and he shall make or cause to be made such inspection and investigation as shall be reasonably necessary in the premises. He shall cause to be collected and subjected to analysis each year at least one sample of each brand of commercial feeding stuffs, mineral deficiency feed and live stock remedy sold or offered for sale in this state, and shall publish the results of such analyses in reports or bulletins from time to time together with such additional information as the Secretary of Agriculture may deem advisable."

It is the contention of appellant that the "so-called inspection fee is not an inspection fee, for there is no analysis or inspection of the ingredients before the certificate is issued, but that it is a license fee imposed upon the defendant's right to do business in South Dakota, and cannot be sustained unless it clearly comes within the police powers of the state." Appellant's entire defense is based upon this proposition. It is true that the law contemplates that sales may be made, but such sales cannot be made until the person about to offer such products for sale has furnished the secretary of agriculture a statement of the ingredients contained in the product about to be sold, together with a sample of such

product and an affidavit of such person that the sample so furnished is a true sample of the product it is claimed to represent. Under the provisions of section 13, the secretary of agriculture is required to make an analysis of at least one sample of each brand of the various products provided for by said law each year. And under the provisions of section 9 he has the power to cancel any certificate that may have been issued if he finds that the provisions of the law have been or are being violated.

The powers and duties of the secretary of agriculture over the subject of chapter 238, Laws 1929, are very comprehensive, and we believe the law is an inspection law in the fullest sense. It is not shown that the fee to be paid to the secretary of agriculture is out of proportion to the value of the service he is required to render. And the fact that the small dealer must pay the same fee as the large dealer is not material. The service to be rendered in the one case may be the same as in the other.

While not a copy of the Indiana law, chapter 238, Laws 1929, is patterned after chapter 206, Indiana Acts 1907. In Savage v. Jones, 225 U. S. 501, 32 S. Ct. 715, 722, 56 L. Ed. 1182, that court, in commenting upon the Indiana law, in a case similar to this, say: "The evident purpose of the statute is to prevent fraud and imposition in the sale of food for domestic animals,—a matter of great importance to the people of the state. Its requirements were directed to that end, and they were not unreasonable. It was not aimed at interstate commerce, but, without discrimination, sought to promote fair dealing in the described articles of food. The practice of selling feeding stuffs under general descriptions gave opportunity for abuses which the legislature of Indiana determined to correct, and to safeguard against deception it required a disclosure of the ingredients contained in the composition. The bill complains of the injury to manufacturers if they are forced to reveal their secret formulas and processes. We need not here express an opinion upon this question, in the breadth suggested, as the statute does not compel a disclosure of formulas or manner of combination. It does demand a statement of the ingredients, and also of the minimum percentage of crude fat and crude protein, and of the maximum percentage of crude fiber,—a requirement of obvious propriety in connection with substances purveyed as feeding stuffs."

It is self-evident that stock foods and remedies put up in powdered form might be composed partly or wholly of worthless or deleterious materials, and without a chemical analysis the deception could not be detected. It was to enable the secretary of agriculture, with the aid of the state chemist, to prevent such deception that the law in question was enacted. We believe it is a wholesome law, and ought to be rigidly enforced.

■ ■ It is contended by appellant that the attempted classification of medicinal stock food in powdered form is an arbitrary and unreasonable classification to the extent that it renders the statute unconstitutional. The record, however, does not sustain this contention. Nowhere in the record, either in the facts stipulated or in the oral testimony, does any fact appear upon which the appellant can base this contention. The record is entirely silent so far as showing any reason why the classification is arbitrary or unreasonable. It is a general rule that is without any dissenting view, so far as we can determine, that one who assails a classification in a law, as it is attempted to be assailed in this case, "must carry the burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary, and not merely possibly, but clearly and actually unreasonable." 6 R. C. L. 385; Bachtel v. Wilson, 204 U. S. 36, 27 S. Ct. 243, 51 L. Ed. 357. The appellant argues that there is no sufficient distinction between foods and remedies in powdered form and foods and remedies in liquid or block form upon which to base this classification, but, as heretofore pointed out, there is no showing in the record that the distinction is not a material one. The burden is upon the appellant to show there is no sufficient distinction for the classification, and, until this showing is made, the presumption is that the distinction is sufficient for the purpose of the classification. "Every possible presumption is in favor of the validity of a statute, and this continues until the contrary is shown beyond a rational doubt." Union Pacific R. Co. v. United States, 99 U. S. 700, 718, 25 L. Ed. 496.

■ Neither can this court take judicial notice of any facts which would support the contention of the appellant that the classification is improper. Before facts upon which the rights of the parties depend are subject of judicial notice, they must be such as are within common experience and knowledge. Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200; Phillips v. Detroit, 111 U. S. 604, 4 S.

Ct. 580, 28 L. Ed. 532. It may be that there are facts which would indicate the classification improper, but those facts do not appear in the record, and are not within common experience and knowledge to the extent that they are the subject of judicial notice.

■ Appellant contends that chapter 238 conflicts with section 21, art. 3, of the Constitution, which provides that: "No law shall embrace more than one subject, which shall be expressed in its title." The law embraces but a single subject, to wit, the regulation of the various kinds of stock foods and remedies, and the sale thereof. This subject is clearly expressed in the title of the bill. It is immaterial how many kinds of foods or remedies are affected by the law.

■ Appellant also contends that chapter 238 conflicts with section 1 of article 6 of the Constitution because it requires the disclosure of the percentages of the active therapeutic ingredients of the proprietary remedy, and thus deprives the defendant of his right to protect his property by requiring him to reveal his formula. This question was passed upon by the court in Savage v. Jones, supra, in the above-quoted language. There could be no intelligent regulation of foods and remedies such as are provided in chapter 238, without knowledge of the ingredients of which such foods and remedies are composed.

The judgment appealed from is affirmed.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

ROBERTS, J., disqualified and not sitting.