## CYRUS JEFFERSON AND OTHERS v. GEORGE R. SAUERS AND OTHERS.[1]

June 13, 1947.

No. 34,264.

Thomas C. Fitzpatrick, for appellants.
Nilva & Frisch, for respondents George R. and Eunice Sauers.

---

[1]Reported in 28 N. W. (2d) 153.

*James Lynch,* County Attorney, and *Andrew R. Bratter,* Assistant County Attorney, for respondents County Auditor of Ramsey County and State of Minnesota.

MAGNEY, JUSTICE.

Plaintiffs appeal from an order dismissing their action. In their complaint they alleged that they are the owners in fee simple of certain premises in the city of St. Paul and that they are and for many years have been in possession of said premises by their tenant, General Outdoor Advertising Company. They further allege that the defendants Sauers claim an estate or an interest in said premises adverse to plaintiffs arising out of a certain tax certificate and deed issued by the county auditor of Ramsey county and by him assigned to the state of Minnesota, which certificate they claim is null and void by reason of the fact that no proper notice of expiration of time to redeem was ever served on plaintiffs or the occupant of the premises. Defendants moved to dismiss on the ground that plaintiffs have failed to deposit with the clerk of court for the use of the state of Minnesota and its successors in interest a sum equal to the amount of the taxes and special assessments, with interest, penalties, and costs thereon accrued against the land at time of forfeiture, together with interest at the rate of four percent on such sum from the date of forfeiture to the date of filing of the complaint in the action, as required by law.

An affidavit by Eugene A. Monick, county auditor of Ramsey county, attached to the motion to dismiss, sets out that the title in the state and defendants is not based upon a tax certificate of forfeiture executed pursuant to the provisions of L. 1935, c. 278, § 8, subd. (f), M. S. A. § 281.23, subd. 8; that pursuant to the statute in such case made and provided the premises were duly sold by the state of Minnesota on August 3, 1945, to George R. and Eunice Sauers (defendants herein) for the sum of $13,500, with a part down payment and the balance payable in ten annual installments. The affidavit further states that the lands were not exempt from taxation; that the taxes and special assessments upon the land remain unpaid

for the year 1928 and each subsequent year; that the amount of the taxes and special assessments, with interest, penalties, and costs thereon accrued against the said lands at the time of the forfeiture, with interest thereon from the last-mentioned date, was $10,653.60. In November 1945 the amount required to be paid was $15,708.48.

In August 1945, one of the plaintiffs made an application to the county board and county auditor of Ramsey county for cancellation of the certificate of forfeiture issued on November 15, 1937, which described the lands in question, on the ground that no notice of expiration of redemption was served on the occupants of the premises and that the premises have been occupied at all times since 1929. The petition for cancellation was based on L. 1939, c. 312, as amended by L. 1941, c. 441. The county board, following the advice of the county attorney, was of the judgment that it had no jurisdiction to consider the application. The county attorney advised the board that the purpose and intent of c. 312 was to provide a speedy method for cancellation of forfeiture where the only ones interested in the forfeiture were the state, the county, and the former owner, while here the state had entered into a contract to sell this property and had received a part of the purchase price; that therefore other interests were now involved; that the county and the state by the contract had divested themselves of the equitable title and retained the naked legal title merely as security for payment of the purchase price.

The question, and the only one, raised on this appeal is whether plaintiffs can maintain this action without first complying with the provisions of L. 1939, c. 341, § 4, relating to the making of a certain deposit with the clerk of court. This provision reads:

"In any action respecting lands claimed to have been forfeited to the state for taxes, no cause of action or defense asserted by any party adversely to the state or its successor in interest, based in whole or in part upon any ground other than the claim that the land was tax exempt or that the taxes have been paid, shall be entertained unless the party asserting the same shall, at the time of filing his complaint or answer, as the case may be, deposit with the clerk of the court in which the action is pending, for the use of the

state and its successor in interest, if any, as their interests may appear, a sum equal to the amount of the taxes and special assessments, with interest, penalties, and costs thereon, accrued against the land at the time of forfeiture, together with interest at the rate of four per cent per annum on said sum from the date of forfeiture to the date of filing the complaint or answer. If the forfeiture of the land to the state be invalidated by the court's decision, the court shall order said sum to be applied on the lien to be determined in such cases as hereinafter provided. If the forfeiture be not invalidated by the decision, the court shall order said sum returned to the depositor."

This action concerns lands claimed to have been forfeited to the state for nonpayment of taxes. The cause of action asserted adversely to the state and the defendants, its successors, is not based upon the ground that the land was tax-exempt or that the taxes have been paid. In such case, the statute provides that *no cause of action or defense* asserted *shall be entertained unless the party making the claim shall make a deposit* equal to the amount of taxes and special assessments, with interest, penalties, and costs thereon, with the clerk of court. The plaintiffs here made no such deposit. We are of the opinion that the statute above quoted applies and that, since plaintiffs failed to make the required deposit, the court was not in error in dismissing the action.

In In re Application of Bonley, 213 Minn. 214, 217, 6 N. W. (2d) 245, 247, where we held that the provisions of the statute in question are mandatory and must be complied with by a party claiming adversely to the state in an action respecting lands claimed to have been forfeited to the state for taxes, we said:

"* * * Defendants admit that they have not complied with this statute, the provisions of which are mandatory. Consequently the trial court could not by an order relieve them from their dereliction."

Order affirmed.