**Joe CLAGGETT, d/b/a Foto Vu Midwest, Appellee,**

v.

**DEPARTMENT OF REVENUE, STATE OF SOUTH DAKOTA, Appellant.**

No. 17069.

Supreme Court of South Dakota.

Considered on Briefs Oct. 22, 1990.

Decided Dec. 26, 1990.

Dave L. Claggett, Spearfish, for appellee.

Timothy T. Weber, Dept. of Revenue, Pierre, for appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

SABERS, Justice.

Department of Revenue appeals circuit court's partial reversal of Department's assessment of tax deficiency against taxpayer, claiming lack of jurisdiction.

*Facts and Procedural History*

Joe Claggett, d/b/a Foto Vu Midwest (Foto Vu), was audited by the South Dakota Department of Revenue (Department) in 1987. The Department determined that

Foto Vu had a net tax deficiency of $3,659 for the years 1984–1986, and issued a certificate of assessment to that effect in July, 1987. Following an administrative hearing requested by Foto Vu, the Department reaffirmed its assessment in October, 1988.

Foto Vu appealed the Department's decision to circuit court within thirty days of the Department's notice of its final decision, as required by SDCL 1–26–31. However, Foto Vu failed either to pay the amount it was assessed by the Department or to post bond prior to attempting its judicial appeal, as required by SDCL 10–59–9. Instead, Foto Vu applied to circuit court for a stay of proceedings pending appeal, pursuant to SDCL 1–26–32, which was granted.*

In November, 1988, the Department filed a motion to dismiss Foto Vu's appeal for want of jurisdiction. In January, 1989, more than seventy days after the Department's final decision, Foto Vu paid the tax deficiency assessed against it, plus interest. In March, 1989, the circuit court denied the Department's motion to dismiss Foto Vu's appeal. In April, 1989, this Court denied the Department's petition for intermediate appeal of the circuit court's order. The circuit court again denied the Department's motion to dismiss upon reconsideration in May, 1989.

The circuit court proceeded to consider the case on its merits and entered Findings of Fact and Conclusions of Law in January, 1990. The court reversed the Department's October, 1988 final decision except for one relatively minor point.

On appeal, the Department again asserts that the circuit court lacked jurisdiction to decide the case because of Foto Vu's failure to comply with SDCL 10–59–9 by either paying the disputed tax arrearage or posting bond prior to commencing its judicial appeal. The Department also contests three holdings of the circuit court on the merits. We do not reach the merits because we find that neither we nor the circuit court has jurisdiction over the subject matter of this case. Therefore, the October, 1988 decision by the Department stands as the final adjudication of this matter.

*Decision*

The South Dakota Constitution guarantees that the state's courts will be open to its citizens, S.D.Const., Art. VI, § 20, and that "all taxation shall be equal and uniform," S.D.Const., Art. VI, § 17. However, that does not mean that any procedural conditions the legislature places on tax litigation will necessarily be unconstitutional.

> It is a well-recognized principle that where the judicial power of courts, either original or appellate, is fixed by constitutional provisions, the legislature can neither limit nor extend the jurisdiction. But it can hardly be doubted that the legislature, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had.

2 Am.Jur.2d *Administrative Law* § 732 (1962) (citing *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958)). *See also Ford Motor Co. v. National Labor Relations Board*, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1939); *Amarillo v. Hancock*, 150 Tex. 231, 239 S.W.2d 788, *reh'g denied* (1951).

■ In South Dakota, the legislature is constitutionally permitted to limit the original jurisdiction of the circuit courts. S.D. Const. Art. V, § 5. The legislature exercises this prerogative when it locates the remedy for some cause of action in an administrative agency. In such cases, "that agency has exclusive primary jurisdiction which precludes the parties from directly seeking adjudication in a court." *Meyerink v. Northwestern Public Service Co.*, 391 N.W.2d 180, 184 (S.D.1986). *See also In re Notice and Demand to Quash, Etc.*, 339

---

* We note that present counsel did not represent Foto Vu in proceedings before the Department. The application for a stay and the notice of appeal were signed by Foto Vu. Present counsel filed a notice of appearance on December 7, 1988, approximately one month after the application for a stay and one week after the notice of appeal.

N.W.2d 785, 786 (S.D.1983); *Light v. Elliott*, 295 N.W.2d 724, 725 (S.D.1980); *Gottschalk v. Hegg*, 89 S.D. 89, 228 N.W.2d 640 (1975).

When the legislature provides for appeal to circuit court from an administrative agency, the circuit court's appellate jurisdiction depends on compliance with conditions precedent set by the legislature. *Kulesa v. Department of Public Safety*, 278 N.W.2d 637, 638 (S.D.1979) (citing *Long v. Knight Construction Co., Inc.*, 262 N.W.2d 207, *reh'g denied* (S.D.1978); *Madsen v. Preferred Painting Contractors*, 89 S.D. 397, 233 N.W.2d 575, *reh'g denied* (1975); *Federal Land Bank of Omaha v. LeMars Mut. Ins. Co.*, 65 S.D. 143, 272 N.W. 285 (1937); *Furman v. Anderson*, 61 S.D. 378, 249 N.W. 626 (1933)).

SDCL 10–59–9 provides in part: "No appeal from a final decision of the secretary [of revenue] upon an assessment may be taken unless any amount ordered paid by the secretary is paid or a bond filed to insure payment of such amount." Because Foto Vu failed to comply with this condition precedent, the circuit court had no subject matter jurisdiction over Foto Vu's appeal from the Department's final decision, not even to grant Foto Vu's application for a stay of proceedings pending appeal. The Department's October, 1988 final decision was not appealable without payment of the assessed tax deficiency or posting of a bond. "When an attempt is made to appeal from a non-appealable order, the circuit court does not have jurisdiction for any purpose, except to dismiss the appeal." *Wisconsin Telephone Co. v. Wisconsin Employment Relations Board*, 253 Wis. 584, 34 N.W.2d 844 (1948).

We hold that the circuit court's failure to dismiss Foto Vu's appeal for lack of compliance with SDCL 10–59–9 was error. While we appreciate the fact that Foto Vu eventually paid the disputed tax assessment, only the payment of the tax or the posting of a bond prior to commencing judicial appeal within the thirty-day window after the Department's notice of final decision as provided in SDCL 1–26–31 could have preserved the appellate jurisdiction of the circuit court.

Reversed.

All the Justices concur.