William **FRANKLIN**, Appellant,

v.

**HENNEPIN COUNTY DEPARTMENT OF PROPERTY TAX AND PUBLIC RECORDS, as Trustee for the State of Minnesota, Respondent.**

No. C2-91-2182.

Court of Appeals of Minnesota.

June 9, 1992.

Review Denied Aug. 4, 1992.

Andrew V. Moran, Andrew v. Moran & Associates, Bloomington, for appellant.

Michael O. Freeman, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and NORTON and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant William Franklin challenges the adequacy of the notice of expiration of his redemption rights in tax forfeitures of property under Minn.Stat. § 281.23 (1988). We affirm.

## FACTS

Appellant William Franklin is the owner of various properties in Minneapolis. At issue are two duplexes for which appellant failed to pay real estate taxes during 1985, 1986, and 1987. These properties became subject to forfeiture for taxes in 1988. After appellant defaulted on confessions of judgment on each property, Hennepin County began the forfeiture process, under Minn.Stat. § 281.23 (1988), and issued the notices of expiration of redemption rights. Appellant knew as of September 1990 that the county had begun receiving the rent for these properties.

After forfeiture, one must petition the county board to obtain repurchase. Minn. Stat. § 282.241 (1988). It is undisputed that when the county began collecting the rents, appellant knew the only way to obtain the return of the property was to petition the county board. In the 16 months between August 1989 and October 1990, appellant petitioned the county board successfully three times for repurchase of a total of eight pieces of property. In October 1990, when appellant was checking on other forfeited property, he asked about repurchase of the two duplexes. Appellant knew that the county had been collecting rents on the duplexes as of September 1990, but he did not seek to repurchase them until April 1991. This time the county board rejected his request to repurchase.

Appellant challenges the notice of forfeiture.

## ISSUES

1. Did the trial court err in holding that mailed notice of expiration of redemption rights is adequate if properly mailed?

2. Did the trial court err in holding that notice of expiration of redemption rights was adequate when served on one occupant in each duplex?

## ANALYSIS

Where the facts as to service are not in dispute, this court need not defer to the legal conclusion of the trial court as to

whether service was adequate under the statute. *See Durfee v. Rod Baxter Imports, Inc.,* 262 N.W.2d 349, 354 (Minn. 1977).

Minn.Stat. § 281.23 provides a comprehensive method of notice of expiration of redemption rights for the various holders of interests in real property. It provides for posting of a notice, publication in an official newspaper, mailing to taxpayers and fee owners by certified mail with return receipt requested, and service of notice by the sheriff on "the person in possession of each parcel found to be * * * occupied." Minn.Stat. § 281.23.

Respondent Hennepin County acted to comply with all of these notice provisions. Appellant, however, challenges the manner in which the county complied with the provisions for certified mail and for service on persons in possession.

■ 1. As to certified mail, the county mailed the notice to appellant at the business address he had provided for mailing of tax statements. The evidence indicated that although the mailman tried three times to deliver the letter, it was returned as unclaimed and was placed in the auditor's file on the property. Minn.Stat. § 281.23, subd. 5, specifically provides that "[f]ailure to receive the notice shall not operate to postpone or excuse any default." *Id.* Thus, the requirement of mailed notice was satisfied.

■ 2. As to service of persons in possession, appellant argues that at least one person in each unit of each duplex should have been served instead of only one occupant in each duplex. Minn.Stat. § 281.23, subd. 6, states only that "the person in possession of each parcel found to be * * * occupied" is to be served and respondent argues that it complied with this provision. (In any event, no occupant had a right of redemption here. Appellant was the fee owner.)

The Minnesota Supreme Court stated long ago that the purpose of legislation requiring notice of expiration of redemption rights is to provide the procedure best calculated to reach persons having an interest in redemption. *Wakefield v. Day,* 41 Minn. 344, 348–49, 43 N.W. 71, 72 (1889). From at least 1878, *see id.* at 348, 43 N.W. at 72, to 1970, applicable statutes provided that such notice was to be directed to the person in whose name the lands were assessed. *See Wirtz v. Bardon Land Co.,* 257 N.W.2d 315, 318–19 (Minn.1977). Only if that person could not be found in the county was the person in possession to be served and only if no one was found to be in possession was notice to be published. *Id.* at 318.

By 1983, however, the statute provided for posting and publication (a kind of notice directed primarily to mortgagees and other lien holders who routinely subscribe to legal newspapers and check courthouse postings), service by certified mail on taxpayers and fee owners, and personal service on occupants. The statute no longer presupposes some form of substituted service on owners through occupants, but rather, provides several methods of service, each method directed at various possible holders of an interest in property. We thus distinguish the line of cases represented by *McHardy v. State,* 215 Minn. 132, 135, 9 N.W.2d 427, 429 (1943), where the Minnesota Supreme Court viewed service on occupants as the "most likely" to give notice to owners that a tax forfeiture is about to occur.

Pursuant to the statutory requirement, the county attempted, by each method required by the statute, to give appellant and others notice that redemption rights had expired. No more is required than compliance with the statute.

Furthermore, appellant had actual notice; he admits he knew immediately of the change in status because the county began collecting the rents.

### DECISION

We hold that the county complied with Minn.Stat. § 281.23 regarding mailed notice and that the trial court did not err in finding that service on the occupants was

adequate. The trial court did not err in concluding that the property was forfeited.

Affirmed.