Randall HAMBORG, et al., Appellants,

v.

COUNTY OF HENNEPIN,
et al., Respondents.

No. C4-92-2338.

Court of Appeals of Minnesota.

April 13, 1993.

Review Denied June 22, 1993.

Lawrence H. Crosby, Clem & Crosby, Minneapolis, for appellants.

Michael O. Freeman, Hennepin County Atty., Paul R. Jennings, Asst. County Atty., Minneapolis, for respondents.

Considered and decided by KALITOWSKI, P.J., and PARKER and MULALLY,* JJ.

## OPINION

PARKER, Judge.

Appellant Randall Hamborg challenges the district court's grant of summary judg-

ment to respondent Hennepin County in a tax forfeiture case. Specifically, he challenges the district court's conclusion that the statutory requirement of depositing delinquent taxes prior to litigation is constitutional. He also argues the district court erred in concluding that the county properly served notice of expiration of the redemption period. We affirm.

## FACTS

In 1983, appellant Randall Hamborg was the leasing agent for the Muse Ten Center (Center), 230 South Tenth Avenue, Minneapolis, then owned by Stanley Hunkins. In 1984, Hamborg began managing the property for Hunkins and continued to do so until 1988. Real estate taxes remained unpaid in 1986, 1987, and 1988. In December 1988, Corridor Properties bought Muse Ten Center from Hunkins on a contract for deed, with a $20,000 cash down payment and a $78,255.58 note to Hunkins. Hamborg is the sole shareholder of Corridor Properties. At the time of the purchase, Hamborg knew that $229,733.42 in taxes on the property was overdue. After the purchase, Hamborg continued to manage the Center, but on behalf of Corridor Properties. From 1985 through 1992, Hamborg and Corridor Properties maintained offices in the Center.

Hamborg acted as court-appointed receiver for the Center from December 1989 until September 1990. Meanwhile, taxes on the property continued to accumulate and remained unpaid. In April 1991, respondent Hennepin County took possession of the Center because of nonpayment of real estate taxes in the amount of $567,-911.33.

Hamborg alleges the county failed to serve him personally with notice of expiration of the redemption period. The county does not contest this assertion but instead argues that such personal service was not required. The county published the forfeiture notice; posted the notice; sent notice by certified mail to Hunkins, the owner named on the certificate of title, and to the

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

known taxpayer, Corridor Properties; and served notice personally on two occupants, Muse Ten Center and Computer Corporation. It appears that none of the other dozen or so tenants in the building, including Hamborg, received personal service of the notice. It is undisputed, however, that Hamborg had actual notice of the expiration of the redemption period.

Hamborg filed a claim in district court and deposited $100,000 with the court administrator. The district court dismissed Hamborg's appeal of the forfeiture, ruling that he failed to comply with the statutory deposit requirement and that this requirement is constitutional. Hamborg appeals the dismissal.

## ISSUES

I. Is the statutory requirement of depositing overdue taxes prior to a challenge of the tax assessment in district court constitutional?

II. Was the county required to comply strictly with Minn.Stat. § 281.23 by serving Hamborg personally with the notice of expiration of the redemption period?

## DISCUSSION

### Standard of Review

■ On appeal from summary judgment, this court must determine if there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn.R.Civ.P. 56.03; *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990).

### I

■ Hamborg argues that the statutory requirement of payment of delinquent taxes prior to receiving a hearing on assessments violates the due process and equal protection clauses of the federal and state constitutions by requiring him to "pay to get to court."

Minn.Stat. § 284.10 (1990) requires persons challenging a tax forfeiture to deposit the full amount of delinquent taxes before bringing a claim in court; failure to make such payment results in automatic dismiss-

al. Minn.Stat. § 278.03 (1990). Deposit of past-due taxes under this statute is mandatory. *Jefferson v. Sauers*, 224 Minn. 134, 137, 28 N.W.2d 153, 155 (1947).

Minnesota statutory law contains other provisions that permit persons with an interest in property to challenge tax assessments before the taxes are due. *See, e.g.*, Minn.Stat. § 278.01, subd. 1 (1990) (permitting challenge to assessment without a deposit if made before May 16 in year tax is due). In Hamborg's case, the time to request a hearing under section 278.01, subd. 1, on a portion of the overdue taxes, had already expired before he bought the property in December 1988. Consequently, his only remaining statutory option to challenge those taxes was to deposit the full amount of delinquent taxes and then challenge the assessments in court. Instead, he deposited only $100,000.

Hamborg asserts, however, that he intended his payment to cover delinquent taxes on Parcel B, one of the two parcels of the property. Even assuming that Hamborg had the right to redeem each parcel separately, he failed to deposit a sufficient amount. The record reveals the delinquent taxes on Parcel B were approximately $133,000; his deposit, therefore, did not meet the statutory requirement. Hamborg argues that he was unable to ascertain the exact amount of delinquent taxes because the county had merged the delinquent taxes on the two properties and refused to break down for him the taxes due on each parcel. The record reveals Hamborg had been the property manager since 1984 and possessed documents from which he could have calculated the breakdown of taxes due on each parcel.

We turn then to the constitutionality of the deposit statute.

■ Statutes are presumptively constitutional. *In re Tveten*, 402 N.W.2d 551, 556 (Minn.1987). A reviewing court will not strike down a statute "unless the party challenging a statute's constitutionality has demonstrated beyond a reasonable doubt that it violates a constitutional provision." *Id.*

The Minnesota Constitution, Art. I, § 8, provides that "every person is entitled to * * * obtain justice freely and without purchase." The federal constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV.

■ Hamborg cites no relevant authority to support his claim of the statute's unconstitutionality. First, we note there is no state constitutional right to redeem from tax sales, or to receive notice of expiration of redemption from such sale. *State v. Aitkin County Farm Land Co.*, 204 Minn. 495, 502, 284 N.W. 63, 67 (1939). Any such rights are derived solely from statute.

We disagree with Hamborg's assertion that *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), governs this case. In *Fuentes* the Supreme Court struck down Florida and Pennsylvania statutes permitting persons to file ex parte applications for prejudgment replevin of goods in possession of another. *Id.* at 96–97, 92 S.Ct. at 2002–03. The Supreme Court held that the due process provisions of the United States Constitution required notice and opportunity for a hearing. *Id.*

This case is quite different from *Fuentes*. Hamborg purchased property upon which judgments for delinquent taxes had already been entered. In contrast, *Fuentes* addressed the due process necessary for prejudgment replevin. Hamborg and the previous owner of the property had notice and opportunities for pre-forfeiture hearings. The plaintiffs in *Fuentes* had no such opportunity. *Id.* at 70–72, 92 S.Ct. at 1989–90. Hamborg ignores the pre-forfeiture protections afforded through the statutory process. *See* Minn.Stat. § 278.01, subd. 1 (1990) (permitting challenge to assessment without a deposit if made before May 16 in year tax is due); Minn.Stat. § 278.03 (permitting hardship application). The statute as a whole cannot fairly be said to require persons to "pay to get to court."

Hamborg was unable to take advantage of these provisions because a lien for delinquent taxes had already attached to the property when he bought it. Because he knew of the delinquent taxes before he purchased the property, there is no unfairness in requiring him to deposit the delinquent taxes before litigating the assessments in court. Additionally, it appears that neither he nor Hunkins, the previous owner, availed themselves of all opportunities to challenge the assessments before forfeiture.

Moreover, were we to accept Hamborg's reasoning, then theoretically ownership of a parcel of property with overdue taxes could change many times and, with each change, obligate the county to provide a hearing to the new owner. Such a result could hamper, if not cripple, the county's enforcement of real property tax payments.

Hamborg has not proved beyond a reasonable doubt that the statute is unconstitutional. Accordingly, we uphold the deposit requirement of Minn.Stat. § 284.10.

## II

Hamborg argues that the county's failure to obtain personal service of the notice of expiration of redemption on all occupants, including himself, invalidated the forfeiture. Essentially, he asserts the county was required to comply strictly with notice provisions of the forfeiture statute.

The parties dispute whether the notice provision of Minn.Stat. § 281.13 (1990) or of § 281.23 (1990) applies to this matter. We conclude that the latter applies. The plain language of Minn.Stat. § 281.13 reveals its inapplicability. That statute reads, in relevant part:

> Every person *holding a tax certificate* after expiration of three years after the date of the tax sale under which the same was issued, may present such certificate to the county auditor; * * * [who] shall prepare * * * a notice, directed to the person or persons in whose name such lands are assessed.

Minn.Stat. § 281.13 (1990) (emphasis supplied).

This notice provision applies specifically to *holders of a tax certificate*. Because the county is not a holder of a tax certificate, the provision is inapposite. Rather,

490

Minn.Stat. § 281.23 applies. That statute provides, in relevant part:

> The county auditor shall deliver to the sheriff of the county a sufficient number of copies of such notice of expiration of redemption for service *upon the persons in possession of all parcels of such land as are actually occupied.* Within 30 days after receipt thereof, the sheriff shall make such investigation as may be necessary to ascertain whether the parcels covered by such notice are actually occupied or not, and shall serve a copy of such notice of expiration of redemption upon the person in possession of each parcel found to be occupied, in the manner prescribed for serving summons in a civil action.

Minn.Stat. § 281.23, subd. 6 (emphasis supplied).

■ Hamborg argues that because he, an occupant of the Muse Ten Center, was not served personally, the county failed to comply strictly with the statute.

■ The legislature has stated clearly that the law pertaining to processing of delinquent real estate taxes, including notice of expiration of the redemption period, is to be liberally construed in favor of the state. *See* Minn.Stat. § 279.001(b)(3) (1992).

In *Franklin v. Hennepin County,* 486 N.W.2d 452, 454 (Minn.App.1992), *pet. for rev. denied* (Minn. Aug. 4, 1992), we noted:

> The statute no longer presupposes some form of substituted service on owners through occupants, but rather, provides several methods of service, each method directed at various possible holders of an interest in property.

We conclude that under *Franklin* and the statutory rule of construction, substantial, rather than strict, compliance with the notice provisions of the statute is required.

It is undisputed that Hamborg had actual notice of the forfeiture. Furthermore, the county produced proof that it had substantially complied, by four methods, with the statute's requirement of providing notice: it posted and published notice; sent notice by certified mail to the registered taxpayer, Corridor Properties, and to Hunkins, the record owner; and personally served two occupants, Muse Ten Center and Computer Corporation. We therefore affirm the trial court's conclusion that the county substantially complied with the notice provisions of Minn.Stat. § 281.23.

## DECISION

The district court properly dismissed Hamborg's claim because of his failure to deposit back taxes, as required by Minn. Stat. § 284.10 (1990), and was correct in ruling the statute to be constitutional. The district court properly concluded the county substantially complied with the notice provisions of Minn.Stat. § 281.23 (1990).

**Affirmed.**