**Cora Joanne HEIKES, Plaintiff and Appellant,**

v.

**CLAY COUNTY, SD Commission; Clay County, SD; Glynis Erickson and Ann Schoellerman, Defendants and Appellees,**

and

**James A. Johnson and Harold L. McDonald, Defendants.**

No. 18575.

Supreme Court of South Dakota.

Considered on Briefs on Oct. 20, 1994.

Decided Jan. 11, 1995.

she owned in Clay County, South Dakota. Amount of back taxes due was $9,310.62; with interest and other levies added the total amount owed was $14,955.46. The county notified Heikes December 27, 1989 by certified mail of its intention to take a tax deed on the property. Two years later, the county evicted Heikes and took possession of this property which included personal property inside the home. Heikes' personal property, which was in the home at the time of eviction, was appraised and stored by the county. The county has indicated it would release this personal property upon her payment of the storage fees. The county then sold the real property at public auction in August 1992 to the high bidders at the auction, Ann Schoellerman and Glynis Erickson, defendants, for $23,900.

Heikes brought a quiet title action to recover her property but failed to deposit the delinquent taxes as required under SDCL 10–27–3. When Heikes failed to deposit this sum within the statutory time period, the circuit court dismissed her action as required by SDCL 10–27–4.

## ANALYSIS AND CONCLUSION

### Whether SDCL 10–27–3 through 10–27–7 violate Art. VI, § 20 of the South Dakota Constitution

■ SDCL 10–27–3 affords a remedy to recover real property sold for taxes owed and requires the plaintiff in such an action to tender the amount owed in his pleadings. If the opposing party in such an action accepts that amount, plaintiff has ten days to deposit this amount with the county treasurer. Heikes failed to do this. Heikes claims this requirement bars her access to the courts to recover her property and that such a requirement is unconstitutional under South Dakota's "open courts" provision, South Dakota Const. Art. VI, § 20. In framing her argument, Heikes renames her back taxes plus interest owed as "court admission fees." We disagree.

In *Claggett v. Dep't of Revenue*, 464 N.W.2d 212 (S.D.1990), we addressed a similar question and unanimously held that the requirement under SDCL 10–59–9 to pay the

James E. McCulloch of Minick and McCulloch, Vermillion, for plaintiff and appellant.

Craig K. Thompson, Clay County State's Atty., and Tami A. Maroney, Clay County Deputy State's Atty., Vermillion, for defendants and appellees, Clay County.

John A. Gors of DeVany Law Office, Vermillion, for defendants and appellees, Erickson and Schoellerman.

WUEST, Justice.

Cora Joanne Heikes (Heikes) appeals dismissal of her action to recover real property sold at public auction after she failed to pay the property taxes owed. Specifically, Heikes claims SDCL 10–27–3 through 10–27–7 are unconstitutional in violation of South Dakota Constitution, Art. VI, § 20, known as the "open courts" provision. We affirm.

### FACTS

Heikes failed to pay the property taxes from 1983–1989 on two parcels of real estate

tax deficiency or post bond before attempting appeal of the Department of Revenue's assessment to the circuit courts did not violate the open courts provision of the state constitution. In that case we noted "[t]he South Dakota Constitution guarantees that the state's courts will be open to its citizens, and that 'all taxation shall be equal and uniform.' However, that does not mean that any procedural conditions the legislature places on tax litigation will necessarily be unconstitutional." *Claggett,* 464 N.W.2d at 213 (citations omitted). We find our holding in *Claggett* to be dispositive of this issue and view SDCL 10–27–3 through 10–27–7, requiring Heikes to tender the amount of back taxes due and deposit this sum with the county treasurer, as a procedural condition that is not in conflict with the open courts provision.

In *Hamborg v. County of Hennepin,* the Court of Appeals of Minnesota, on very similar facts and law, held a statute that required plaintiff to deposit the full amount of delinquent taxes due prior to challenging their assessment did not violate either the state or the federal constitution regarding right of access to the courts. 498 N.W.2d 486 (Minn. App.1993). In *Hamborg,* as in the present case, the property owner claimed the statute required him to "pay to get to court." *Id.* at 488. The court of appeals disagreed, noting that Hamborg had ample opportunity to challenge the amount of the assessment prior to the forfeiture stage in which he now found himself. *Id.* Our statutes provided a similar opportunity to Heikes to challenge the "classification, valuation, or equalization" of real estate taxes. SDCL 10–10–9, 10–10–11, 10–10–12, and 10–10–13. SDCL 10–10–5 provides for public hearings which allow property owners to provide assessors with information to assist in evaluating the property equitably for taxation purposes. Chapter 10–11 also provides for review and correction of assessments prior to the forfeiture sale.

The laws enacted by the legislature enjoy a strong presumption of constitutionality and this "presumption is rebutted only where it clearly, palpably, and plainly appears that the statute violates a provision of the constitution." *Oien v. City of Sioux Falls,* 393 N.W.2d 286, 289 (S.D.1986) (citing

*Matter of Certain Territorial Elec. Boundaries, Etc.,* 281 N.W.2d 65 (S.D.1979)). This court must adopt any reasonable, legitimate construction of the statutes which permit us to uphold the legislature's enactments. *Oien,* 393 N.W.2d at 289. Every presumption is indulged in favor of the statutes' constitutionality and Heikes bears the burden of proving beyond a reasonable doubt that the statutes are not constitutional. *Crowley v. State,* 268 N.W.2d 616, 618 (S.D.1978); *State v. Reininger,* 59 S.D. 336, 239 N.W. 849, 851 (1931). We find nothing in Heikes' argument or cited authorities to sustain her burden of proof in this matter or that leads us to doubt the constitutionality of these statutes. We hold that SDCL 10–27–3 through 10–27–7, requiring property owner's tender and deposit of delinquent taxes with the county treasurer prior to recovery of property sold for taxes, do not violate the South Dakota Constitution, Article VI, § 20, the "open courts provision." Since this issue is dispositive, we do not address the other issues raised by Heikes.

MILLER, C.J., and AMUNDSON and KONENKAMP, JJ., concur.

SABERS, J., concurs in part and dissents in part.

SABERS, Justice (concurring in part and dissenting in part).

Although these statutes do not violate Art. VI, § 20 of the South Dakota Constitution as to real property, they do not apply in any way as to personal property. The Legislature specifically deleted "or personal [property]" from SDCL 10–27–3, thereby excluding the statutes' applicability as to personal property. 1992 S.D.Sess.Laws, ch. 80, § 204. Therefore, it was error for the trial court to dismiss with prejudice Heikes' tort claims for intentional infliction of emotional distress, and for conversion and damages to personal property. Therefore, I would reverse and remand for trial on these matters.