*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2101**


County of Washington,
Respondent,

vs.

Walker Properties of Woodbury II, LLC, et al.,
defendants and counter plaintiffs,
Appellants,

Kevin Shoeberg,
Defendant.


**Filed August 31, 2015
Affirmed
Bjorkman, Judge**


Washington County District Court
File No. 82-CV-13-1866


Pete Orput, Washington County Attorney, Richard D. Hodsdon, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Jon Erik Kingstad, Oakdale, Minnesota (for appellants)

Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellants challenge the judgment quieting title to various tax-forfeited properties in favor of the state. Because appellants did not deposit with the court administrator the amount of money owing in taxes as required by Minn. Stat. § 284.10 (2014), we affirm.

## FACTS

In October 2005, appellants Walker Properties of Woodbury II, LLC and Jeffrey Walker (collectively Walker) entered into an agreement with the City of Woodbury to develop a subdivision on property owned by Walker. The developer's agreement (agreement) provided that improvements constructed by the city for the benefit of the development would be financed through special assessments on the property. The agreement also required Walker to waive any challenge to the validity of these assessments. In September 2006, the city served Walker with a notice of assessment for the final cost of its improvements. Walker challenged the assessment in a lawsuit, which was dismissed based on the waiver provision.

In August 2007, Walker commenced a second lawsuit alleging that the agreement is an illegal contract, or alternatively, that the city breached the agreement. In connection with that lawsuit, the district court ordered Walker to post a bond. Walker did not do so and the district court dismissed its complaint against the city with prejudice. Walker appealed and this court affirmed. *Walker Props. of Woodbury II, LLC v. City of Woodbury*, No. A12-2323, 2013 WL 4504431 (Minn. App. Aug. 26, 2013), *review denied* (Minn. Nov. 12, 2013).

At the same time that Walker was disputing the special assessments, it failed to pay the real estate taxes on 14 parcels within the subdivision. Respondent Washington County commenced proceedings to obtain a tax judgment against these parcels based on Walker's failure to pay the 2006 taxes. In April 2007, a default tax judgment was entered as to 12 of the 14 parcels. Walker redeemed two of the parcels, Lots 5 and 6 of Block 1, but subsequently failed to pay the 2007 real estate taxes. In April 2008, the county obtained a default tax judgment against the remaining two parcels. After separate tax judgment sales, the 14 parcels were bid in by the state, but never sold or assigned to an actual purchaser.

In April 2011, the county mailed Walker notices of expiration of the three-year redemption period for Lots 5 and 6. These notices informed Walker that it had 60 days to redeem. Walker failed to redeem the parcels, and on July 22, 2011, the county recorded a certificate of forfeiture for the lots. In April 2012, Walker received notices of expiration for the remaining 12 parcels, which were subject to a five-year redemption period. These notices similarly informed Walker that the redemption period would expire in 60 days. Walker again failed to redeem. The county recorded a certificate of forfeiture for the remaining 12 parcels on July 24, 2012.

In November 2012, the county resolved to sell all 14 parcels at a public auction. Notice of the public sale was published as required by statute. Prior to the sale, Walker filed and recorded a notice of lis pendens on the parcels. Because of the notices, no bids were submitted at the public auction.

3

The county commenced this quiet-title action on behalf of the state[1] so the parcels could be sold with clear titles. Walker responded with counterclaims and affirmative defenses asserting that the tax judgments are unconstitutional, the forfeiture proceedings were defective, and that many of the applicable tax-judgment statutes are unconstitutional. Following a bench trial based on stipulated facts, the district court determined that the state has unencumbered title to the property. The district court concluded that Walker's counterclaims and defenses pertaining to Lots 5 and 6 are time-barred because they had been raised over a year after the certificate of forfeiture was recorded. And the court determined that the counterclaims and defenses related to the remaining 12 parcels were timely, but barred because Walker did not deposit with the court administrator the sum of money required by Minn. Stat. § 284.10. Walker filed a motion for a new trial, which the district court denied. Walker appeals.

## DECISION

On appeal from a judgment, our review is limited to deciding whether the district court's findings are clearly erroneous and whether it erred in its legal conclusions. *Foster v. Bergstrom*, 515 N.W.2d 581, 585 (Minn. App. 1994). We review the denial of a motion for a new trial for an abuse of discretion. *Moorhead Econ. Dev. Auth. v. Anda*, 789 N.W.2d 860, 892 (Minn. 2010).

Under Minn. Stat. § 284.10, a taxpayer who brings a cause of action or defense against the state in a tax-forfeiture proceeding must deposit with the court administrator

---

[1] Minn. Stat. § 284.12 (2014) requires that a quiet-title action regarding tax-forfeited land held by the state in trust for its taxing districts be brought by the county in which the land is located.

4

"a sum equal to the amount of the taxes and special assessments, with interest, penalties, and costs thereon, accrued against the land at the time of forfeiture." Only claims alleging that land was tax exempt or that the taxes have been paid are exempt from this provision. Minn. Stat. § 284.10. The failure to pay the required deposit results in automatic dismissal of the adverse claims or defenses. *Jefferson v. Sauers*, 224 Minn. 134, 136-37, 28 N.W.2d 153, 154-55 (1947).

Walker concedes that it did not make the required deposit and that the statutory exceptions do not apply. But Walker asserts that the statute impermissibly infringes on its First Amendment right of access to the courts by forcing it to pay a deposit to challenge the tax forfeiture. We disagree. In *Hamborg v. County of Hennepin*, this court upheld the constitutionality of Minn. Stat. § 284.10 in the face of the taxpayer's argument that the deposit requirement violated his due-process and equal-protection rights by forcing him to "pay to get to court." 498 N.W.2d 486, 489 (Minn. App. 1993), *review denied* (Minn. June 22, 1993). In rejecting that argument, we noted that the law affords taxpayers numerous opportunities to challenge their real estate taxes prior to forfeiture without paying any amount into court. *Id*.

Walker's attempts to distinguish *Hamborg* are unavailing. First, we are not persuaded that Walker's First Amendment argument is substantively distinguishable from the due-process and equal-protection challenges in *Hamborg*. All three constitutional arguments turn on the assertion that the statute denies taxpayers the ability to freely challenge their real estate tax liability in court. For the reasons we articulated in *Hamborg,* we conclude that Walker had ample opportunity to challenge its tax liability

5

without having to deposit the back taxes and that requiring a deposit in this quiet-title proceeding does not violate its constitutional rights.

Second, Walker's assertion that *Hamborg* is not controlling because it did not involve a contractual waiver of the right to challenge a city's special assessment is misplaced. Walker voluntarily waived its right to appeal the special assessments in the developer's agreement. But the agreement did not prevent Walker from challenging its real estate taxes, which, as in *Hamborg*, were the basis for the tax-forfeiture proceedings. Walker could have appealed its real estate tax assessment before the taxes were due, *see* Minn. Stat. § 278.01 (2014), or filed an answer in the tax-judgment proceedings contesting the claimed delinquency, *see* Minn. Stat. § 279.15 (2014), without having to make a deposit into court. Walker consistently failed to do so. And to the extent Walker seeks to once again challenge the validity of its contractual waiver, we note that Walker's bargained-for agreement was with the city, which is not a party in this case, that Minnesota law permits such a waiver, s*ee* Minn. Stat. § 462.353, subd. 4(d) (2014), and that we previously rejected Walker's arguments.

On this record, we conclude that Walker's undisputed failure to pay the required deposit bars its counterclaims and defenses and the district court properly declined to address their merits.[2]

**Affirmed.**

---

[2] Walker also asserts that the district court erred in determining its counterclaims and defenses related to Lots 5 and 6 were untimely. Because Walker's failure to pay the deposit required by Minn. Stat. § 284.10 also bars those claims and defenses, it is unnecessary to address Walker's timeliness arguments.

6