# IN THE COURT OF APPEALS OF IOWA

No. 22-1014
Filed April 26, 2023

**WAYNE WILLIAM GREGORY, JR.,**
Plaintiff-Appellant,

**vs.**

**THE ALARIS GROUP, INC., PARADIGM MANAGEMENT SERVICES, LLC, SANDY LESS, and VICKI SHADLE,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Linn County, David M. Cox, Judge.


Wayne Gregory appeals from the district court's grant of summary judgment. **AFFIRMED.**


Bruce H. Stoltze, Jr. and Breanne A. Gilpatrick of Stoltze Law Group, PLC, Des Moines, for appellant.

Chad VonKampen and Joseph J. Porter of Simmons Perrine Moyer Berman PLC, Cedar Rapids, for appellees.


Heard by Bower, C.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

This appeal arises from a summary judgment proceeding related to an injury Wayne Gregory allegedly sustained while employed at Whirlpool Corporation. To assist with his case, Whirlpool and its third-party administrator, Gallagher Bassett Services, Inc. (Gallagher Bassett), contracted a nurse case manager from The Alaris Group, Inc, a division of Paradigm Management Services, Inc. (Paradigm). Gregory later lodged several claims against Whirlpool and Gallagher Bassett. Gregory also filed an invasion-of-privacy claim against The Alaris Group, Paradigm, and the case managers who assisted with his care (collectively, "Alaris"). Alaris moved for summary judgment on the invasion-of-privacy claim, which the district court granted. Gregory appeals, and we affirm.

## I.     Background Proceedings and Facts

Gregory filed a workers' compensation claim alleging he sustained a work-related injury while employed with Whirlpool. After receiving his claim, Gallagher Bassett, Whirlpool's third-party administrator for workers' compensation claims, contacted The Alaris Group in search of a nurse case manager for Gregory's care. One week later, Defendant Sandy Less sent Gregory's then-counsel a letter to inform him she had "been assigned by the [workers'] compensation carrier to work with" Gregory as a nurse case manager. This letter included "a Release of Information and Case Management Disclosure form which indicates [Gregory] has given consent for [Less] to access records related to [his] work injury." The letter instructed Gregory to sign and return this form. In July, Gregory's new counsel sent Less a letter directing her "to immediately cease and desist from any and all

contact with Mr. Gregory; and/or his providers in connection with his workers' compensation claims." This letter also contained language signed by Gregory:

> I hereby revoke any and all waivers and permission for disclosure of medical information of any format or content to Ms. Less or any other employees of The Alaris Group Inc.; this revocation also prohibits any contact or verbal communication regarding my medical condition to Ms. Less or any other employees of The Alaris Group Inc.

Less contacted legal counsel, who advised her that Gregory could not control the nurse case manager and she should continue working on Gregory's claim. Defendant Vicki Shadle later replaced Less as Gregory's nurse case manager. Alaris acknowledges Less and Shadle continued to work on Gregory's claim—and obtained and viewed his medical records—as nurse case managers after his July letter. Gregory's counsel later wrote to Alaris, "Mr. Gregory was stunned to learn of the apparent involvement of Ms. Shadle as 'his' nurse case manager."

Gregory filed suit naming Whirlpool, Gallagher Bassett, and Alaris as defendants. He lodged several bad faith and wrongful discharge claims against Whirlpool and Gallagher Bassett, and he claimed Alaris invaded his privacy by continuing to work on his claim and viewing his medical records after his letter demanding otherwise. Gregory later dismissed his suit against Whirlpool and Gallagher Bassett, leaving only the invasion-of-privacy claim against Alaris. Alaris moved for summary judgment on the invasion-of-privacy claim, and the district court ruled for Alaris. Gregory appeals.

## II. Standard of Review

We review a summary judgment ruling for corrections of errors at law. *Susie v. Fam. Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020).

Summary judgment is appropriate when no disputed issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.* "Summary judgment is not a dress rehearsal or practice run for trial but rather the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 88 (Iowa 2022) (alteration in original) (citation omitted).

### III. Discussion

Gregory asserts a genuine issue of material fact existed as to whether the nurse case managers fell under the scope of Iowa Code section 85.27 (2019), that the district court's interpretation of section 85.27(2) is overbroad, and that the district court erred in addressing his invasion-of-privacy claim. We reject each of these claims.

### A. Overview of Invasion of Privacy

While the nature of Gregory's invasion-of-privacy claim is unclear, it appears he raises a common law invasion-of-privacy claim. Iowa recognizes four types of invasion-of-privacy claims: "unreasonable intrusion upon the seclusion of another"; "appropriation of the other's name, or likeness"; "unreasonable publicity given to the other's private life"; and "publicity that unreasonably places the other in a false light before the public." *Winegard v. Larsen,* 260 N.W.2d 816, 822 (Iowa 1977) (quoting Restatement (Second) of Torts § 652A (Am. L. Inst. 1977)). Gregory does not argue that Alaris appropriated his name or likeness or publicized his information, so we analyze his claim as unreasonable intrusion upon seclusion. *See id.* at 822–23 (explaining the contours of each invasion-of-privacy claim).

> This form of invasion of privacy generally requires the plaintiff to establish two elements. The first element requires an intentional intrusion into a matter the plaintiff has a right to expect privacy. The next element requires the act to be "highly offensive to a reasonable person." We have held that an intrusion upon seclusion occurs when a person "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person."

*Koeppel v. Speirs*, 808 N.W.2d 177, 181 (Iowa 2011) (alteration in original) (emphasis omitted) (internal citations omitted).

## B. Status of Nurse Case Managers

Gregory first argues the district court erred in holding the case managers were covered by Iowa Code section 85.27 as representatives of either Whirlpool or Gallagher Bassett. Section 85.27, which deals with release of information for workers' compensation claims, requires that

> Any employee, employer, or insurance carrier making or defending a claim for benefits agrees to the release of all information to which the employee, employer, or carrier has access concerning the employee's physical or mental condition relative to the claim and further waives any privilege for the release of the information. The information shall be made available to any party or the party's representative upon request.

Iowa Code § 85.27(2). Gregory asserts the initial letter from Alaris did not represent that the case manager was acting on behalf of either Gallagher Bassett or Whirlpool. This omission, he contends, creates a genuine issue of material fact as to whether the case managers were protected from liability by this section's waiver.

We agree with the district court that Gregory did not present a genuine issue of material fact. Gregory's argument ignores the case manager's statement that she had been assigned by "the workers' compensation carrier" to work with

Gregory. This sentence establishes the case manager was acting under the scope of section 85.27. Gregory's citations do not contradict this statement, as they only state the case manager was working for Alaris. We are required to consider all of the facts presented, not just some of them. *See Parish v. Jumpking*, 719 N.W.2d 540, 545 (Iowa 2006) ("[A] genuine issue of fact is presented if a reasonable fact finder could return a verdict or decision for the nonmoving party based upon those facts."). Last, we note Gregory is unable to identify any other plausible entity the case managers could have been working for.

## C. The District Court's Interpretation of Iowa Code Section 85.27(2)

Gregory next asserts the district court's interpretation of Iowa Code section 85.27(2) is overbroad. Gregory makes two arguments related to this claim. He first disputes the district court's interpretation of the statute relating to an employee's release of information, contending the statute authorized him to revoke the release of his information. Second, Gregory argues the district court's broad interpretation of the statute would render it redundant. Specifically, he points to Iowa Administrative Code rule 876-4.6, which provides:

> At the same time and in the same manner as service of the original notice and petition, the claimant shall serve a patient's waiver using Form 14-0043 (authorization for release of information regarding claimants seeking workers' compensation benefits), or a substantially equivalent form, which shall not be revoked until conclusion of the contested case.

Because this rule also requires a waiver, Gregory argues a broad interpretation of section 85.27(2) renders the section superfluous, as a claimant would have already waived their privilege to relevant medical records. Iowa Admin. Code r. 876-4.6.

We disagree with both of Gregory's arguments. First, we find the district court did not err in its interpretation relating to an employee's release of information. In addition to the excerpt quoted above, section 85.27(2) also provides that

> Any institution or person releasing the information to a party or the party's representative shall not be liable criminally or for civil damages by reason of the release of the information. If release of information is refused, the party requesting the information may apply to the workers' compensation commissioner for relief. The information requested shall be submitted to the workers' compensation commissioner who shall determine the relevance and materiality of the information to the claim and enter an order accordingly.

The language of this section is clear: the employee agrees to release all relevant information to the employer or employer's representative. Iowa Code § 85.27(2). If a dispute occurs and the worker refuses to release certain information, then the workers' compensation commissioner decides what information is released. *Id.* By the language of the statute, the waiver is comprehensive, with a mechanism built in to resolve disputes.

This reading comports well with the overall purpose of the statute. Section 85.27 creates an "essentially nonadversarial" system to process workers' claims "routinely" and pay them "quickly," to benefit workers. *Morrison v. Century Eng'g*, 434 N.W.2d 874, 877 (Iowa 1989). To facilitate this system, the act provides for a free flow of medical information related to a worker's claim, and a worker waives any "privilege of confidentiality by filing [their] petition for workers' compensation benefits." *Id.* at 876.

We also reject Gregory's second argument that a comprehensive waiver would render the statute redundant. While the universe of information covered by

the rule and the statute may be similar, the rule implements the statute by requiring execution of a waiver, as commonly relied upon by physicians' offices and other third parties involved with workers' compensation claims. *See* Iowa Code § 85.27(2); Iowa Admin. Code r. 876-4.6. A rule that practically implements a statute is not redundant. *See* Iowa Code § 17A.2(11) (defining an agency "rule" as an "agency statement of general applicability that *implements, interprets, or prescribes law or policy*, or that describes the organization, procedure, or practice requirements of any agency" (emphasis added)).

### D. Gregory's Constitutional Right to Privacy[1]

Gregory last argues that the district court erroneously ignored his constitutional right to privacy, only addressing the common law tort of invasion of privacy. Gregory contends an analysis based on his constitutional rights would have led to redress for his injury. We disagree. The district court's ruling specifically recognizes that Gregory raised a constitutional claim and rejected it. So do we.

Because Gregory makes no effort to distinguish claims under the state or federal constitutions, and could not identify any textual basis for his constitutional claim, we conclude he has abandoned any claim to a state constitutional right broader than the federal. *See Doss v. State*, 961 N.W.2d 701, 716 (Iowa 2021). While our courts have recognized a constitutional right to privacy in medical records, *see Ashenfelter v. Mulligan*, 792 N.W.2d 665, 672 (Iowa 2010), the General Assembly can and has abrogated that right by statute more than once.

---

[1] Gregory also alleged some type of statutory right to privacy below, but he has abandoned that claim on appeal.

*See* Iowa Code § 85.27 (the workers' compensation exception at issue in this appeal); *see also id.* §§ 622.10(3) (overriding the privacy interest in medical records for certain civil litigants), (4) (same for crime victim's privileged records under certain limited circumstances). Gregory makes no argument that the workers' compensation statute is unconstitutional, as-applied or otherwise, and we find no merit in the alleged constitutional grounding of his complaint.

## IV.    Disposition

We reject Gregory's arguments on appeal and affirm the district court's summary-judgment ruling.

**AFFIRMED.**